UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GREGG ALLMAN, *et al.*,                                    ORDER
                Plaintiffs,                          06 CV 3252 (GBD)

    -against-

SONY BMG MUSIC ENTERTAINMENT,
                Defendant.
------------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

      This Court granted defendant's Rule 12(b)(6) motion to dismiss the amended complaint for failure to state a claim, and judgment was entered accordingly. Plaintiffs now move, pursuant to Fed.R.Civ.P. 59(3) and S.D.N.Y. Local Rule 6.3, to reargue and to alter or amend this Court's order granting defendant's motion.[1] In the alternative, plaintiffs seek relief from the order and judgment, and leave to file their proposed second amended complaint, pursuant to Fed.R.Civ.P. 60(b)(6) and 15(a), respectively. The motion is granted to the extent that the judgment of dismissal is vacated, and plaintiffs are afforded leave to file their proposed second amended complaint alleging breach of contract.

      Leave to amend should be "freely give[n] when justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed.R.Civ.P. 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 181, 191 (2d Cir. 2008). Although a motion to amend postjudgment should only be considered where there is a valid basis to either set aside or vacate the judgment, it may nevertheless "be appropriate in a proper case" for the court to consider the nature of the

---

[1] Under Fed.R.Civ.P. 59(e) and Local Rule 6.3, plaintiffs have failed to make the requisite showing that the Court overlooked any pertinent factual matters or controlling decisions that were before it when it granted the underlying motion, so as to warrant such relief. See, Wall v. Union of NA, Laborers Int'l, 276 Fed.Appx. 68, 70 (2d Cir. 2008) (*quoting* In re BDC 56 LCC, 330 F.3d 111, 123 (2d Cir. 2003)); Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (*quoting* Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

proposed amended complaint in deciding whether to set aside or vacate the previously entered judgment. See, Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991).

It is appropriate, in the instant case, to grant plaintiffs relief pursuant to Rule 60(b)(6), which authorizes vacatur for "any [ ] reason that justifies [such] relief." This action involves a royalty dispute in which plaintiffs maintain that the contractual provision applicable to the leasing of master recordings governs. Plaintiffs, however, did not originally allege that defendant had leased the master recordings, and accordingly the Court dismissed the complaint.[2] In plaintiffs' proposed second amended complaint, such specific allegations are pled. Thus, without being incompatible with the prior pleadings, the new allegations in the proposed complaint cure those pleading infirmities in plaintiffs' prior complaint. There has been no showing that defendant will suffer prejudice should plaintiffs be allowed to amend the complaint. Since the factual allegations in the proposed second amended complaint may be a proper subject of relief, plaintiffs should be afforded an opportunity to test their claims on the merits. See, Foman v. Davis, 371 U.S. 178, 182 (1962).

Accordingly, the judgment is vacated and plaintiffs are afforded an opportunity to file their proposed second amended complaint.

Dated: New York, New York
March 19, 2009

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[2] Plaintiffs now assert that the term "license" was used in their initial amended complaint as being synonymous with the contractual term "lease." (Pls.' Mem. at 4). Consistent with such an assertion, plaintiffs allege in their proposed second amended complaint that, in the contractual royalty provision at issue, "the use of the word 'lease' ... is synonymous with 'license,' with no legal distinction from it" and that defendant "has treated 'lease' ... as synonymous with 'license.'" (Caplan Decl. Ex. 1 at ¶¶ 40, 48, 56).