for/rs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

GREGG ALLMAN, JAIMOE f/k/a JOHNNY LEE : 06 Civ. 3252 (GBD)(KNF)
JOHNSON, AND BUTCH TRUCKS INDIVIDUALLY, :
AS MEMBERS OF "THE ALLMAN BROTHERS : ECF CASE
BAND" AND AS PARTNERS IN "THE ALLMAN :
BROTHERS BAND RECORDING COMPANY"; :
ELMO SHROPSHIRE, INDIVIDUALLY AND AS A :
MEMBER OF "ELMO & PATSY"; ON BEHALF OF :
THEMSELVES AND ALL OTHERS SIMILARLY :
SITUATED, :

              Plaintiffs,

  -against-

SONY BMG MUSIC ENTERTAINMENT,
A Delaware General Partnership,

              Defendant.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/09

---------------------------------------- x

"THE YOUNGBLOODS" (PERRY MILLER p/k/a : 07 Civ. 2394 (GBD)(KNF)
JESSE COLIN YOUNG; LOWELL LEVINGER; :
JERRY CORBITT; MINA BAUER, THE WIDOW OF : ECF CASE
JOE BAUER; AND MANAGER STUART :
KUTCHINS), ON BEHALF OF ITSELF AND ALL :
OTHERS SIMILARLY SITUATED, :

              Plaintiff,

  -against-

BMG MUSIC,

              Defendant.

---------------------------------------- x

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their undersigned counsel, and it is hereby ORDERED by the Court, that:

1. This Protective Order shall govern the use, handling and disclosure of all documents, testimony or information produced or otherwise disclosed in the above captioned actions (the "Litigation") that is designated by the producing person as "Confidential Information" or "Attorneys' Eyes Only Information."

2. Any of the parties and any other person (including non-parties) that provides discovery in this Action may designate any documents, testimony, or information produced or otherwise disclosed as "Confidential Information." Confidential Information shall be labeled with the designation: "CONFIDENTIAL."

3. "Confidential Information" means any documents or information which the producing person in good faith designates as Confidential Information and believes to be properly the subject of a protective order because it constitutes or contains non-public, confidential business or financial information, trade secrets, or other commercially sensitive or private information. Notwithstanding the foregoing, however, Confidential Information shall not include information that: (a) is generally available to the public other than as a result of a breach of this Stipulation or any arbitral or court order; (b) is already in the possession of the non-producing party or person without restriction, including without any preexisting obligation to maintain it in confidence, and prior to any disclosure hereunder; (c) is or has been lawfully disclosed to the non-producing party or person by a third party, not employed by or otherwise affiliated with the producing person, who is under no legal restriction from disclosing the same,

2

including any preexisting obligation to maintain it in confidence; or (d) is independently developed by the non-producing party or person without the use of any Confidential Information.

4. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

5. Any of the parties may designate as Confidential Information specific deposition testimony, transcript pages, or exhibits which contain Confidential Information by notice on the record at the deposition, or by writing to counsel for the opposing party within five (5) business days of the receipt of the transcript of the deposition specifying the testimony being designated as confidential by page and line number(s). Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof. Each portion of any deposition or other transcript in which testimony was noticed on the record at the deposition as containing Confidential Information shall be separately transcribed, bound and sealed, together with any document introduced as an exhibit in that portion of the deposition.

6. A party or person may designate information as Confidential Information subsequent to its production by sending a letter to the other parties so designating the information at any time after its production, provided that such designation shall only apply to such materials after actual receipt by the other parties of such a letter.

7. Confidential Information shall be used by the receiving party only in connection with the Litigation.

8. Subject to the conditions imposed by this Protective Order, Confidential Information shall not be disclosed by the receiving party to any person or entity for any purpose, except in connection with this Litigation, and then only to the following persons:

3

    a. The Court and Court personnel;

    b. Counsel for the receiving party and the staff and employees of such counsel;

    c. The receiving party and employees or in-house counsel of the receiving party to the extent reasonably deemed necessary by counsel of record to prosecute or defend this Litigation;

    d. Litigation support services vendors engaged by the receiving party in connection with the Litigation, but only to the extent that such other parties agree in writing to be bound by the terms of this Protective Order;

    e. Experts, consultants, and professionals retained by the receiving party and its staff specifically in connection with the Litigation;

    f. Non-party witnesses, but only to the extent that such parties agree in writing to be bound by the terms of this Protective Order.

    g. Any individual who (i) is a current or former employee of the producing party or person; (ii) authored, received or otherwise has been provided access to or who would be reasonably expected to have had prior access to (in the ordinary course, outside these actions) the Confidential Information sought to be disclosed to that person; or (iii) is mentioned, discussed or referred to in the material, but only as to the specific material in which such person is mentioned, discussed or referred to.

9. Notwithstanding anything herein to the contrary, if any producing person believes that certain highly sensitive Confidential Information may have significant commercial value to or may harm the business interests of the producing person or any other party by the mere disclosure to another party, the producing person may designate such Confidential Information or document containing such Confidential Information as "ATTORNEYS' EYES ONLY" by placing a legend bearing that phrase on the document or by designating the document or information as "Attorneys' Eyes Only" either on the record at a deposition or in writing within 48 hours after receiving a deposition transcript. Any document or information so designated shall be treated in all respects as Confidential Information, except that it may not be disclosed for any purpose to any non-producing opposing party or any present employee of any non-producing opposing party, except by written consent of the producing party or person or Order of the Court.

4

10. Before any expert, consultant, non-party witness or other person falling within categories 8(d), (e), (f), or (g)(iii) above is given access to Confidential Information, that person shall be given a copy of this Protective Order and advised that the documents or information comprising such Confidential Information are being disclosed pursuant to and subject to the terms of this Protective Order and may only be used or disclosed for purposes of this Litigation and in accordance with the terms of this Protective Order. Before obtaining access to such documents or information, the individual to whom disclosure is to be made shall sign an acknowledgement in the form attached hereto as Exhibit A. The executed acknowledgement shall be maintained by the party at whose behest Confidential Information was shown to the affiant or declarant.

11. Should any party or person that has obtained Confidential or Attorneys' Eyes Only Information under the terms of this Protective Order receive a subpoena or other discovery request commanding the production of any such Confidential or Attorneys' Eyes Only Information, such party or person shall notify the party or person that designated the information or documents as Confidential or Attorneys' Eyes Only Information of the service of the subpoena or request within five (5) business days of receiving it. If, at least two business days prior to the date designated in the subpoena or request for production of the Confidential or Attorneys' Eyes Only Information, the party or person that designated the information or documents as Confidential or Attorneys' Eyes Only Information moves to quash the subpoena or request or takes other appropriate steps to seek relief from the obligations imposed by the subpoena or request and simultaneously notifies the party or person that received the subpoena or request in writing of the action taken, the party or person receiving the subpoena or request shall not produce any Confidential or Attorneys' Eyes Only Information in response to the subpoena

or request pending a ruling on the request for relief. If no such relief is sought, the party or person receiving the subpoena or request may produce Confidential or Attorneys' Eyes Only Information in response to the subpoena or request. Nothing herein shall require any party to disobey any relevant statute, rule of court or court order.

12. Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from discovery ("Inadvertently Disclosed Information") shall not constitute a waiver of, or an estoppel as to any claim of, such privilege. Any receiving party that receives such materials shall, upon learning that such materials are subject to a claim of privilege, promptly return such materials and all copies thereof to the disclosing person.

13. This Protective Order may not be modified except by Court order.

14. Nothing contained in this Protective Order shall be construed to waive or create any rights to the use of – or prejudice any party or non-party or person's rights to the use of – any information or documents contained in a party or person's own files or any information or documents that do not constitute Confidential Information.

15. Nothing in this Protective Order shall restrict the right of any person to disclose its own Confidential Information. In the event of a dispute over the ownership, use, or disclosure of Confidential Information, all persons claiming ownership shall treat the material in question as Confidential Information until the Court has ruled on the dispute.

16. Any person may apply to the Court for a separate protective order as to any particular document or information, with restrictions different from those specified here.

17. The completion of the Litigation shall not relieve the parties from their obligations under this Protective Order. Within 30 days after the conclusion of all aspects of this Litigation, including any appeals, all documents containing or referring to Confidential Information produced by another person or party shall be returned to the producing person or destroyed, with the exception of (i) deposition, hearing, trial, and argument transcripts and exhibits, (ii) papers and pleadings filed with the Court and exhibits thereto, and (iii) materials which counsel believe in good faith to be work product materials.

18. Nothing in this Protective Order is intended to be or should be construed as a concession that the designation of documents or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY is necessary or appropriate. Moreover, nothing in this Protective Order precludes the receiving party from applying to the Court to remove the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY from documents or testimony that it believes do not constitute Confidential Information or information properly designated as ATTORNEYS' EYES ONLY as follows: The receiving party must serve a written objection upon the producing person identifying the information at issue and the reasons for questioning the designation. The producing person must then serve a written response within ten business days providing its reasons for maintaining the designation, or proposed modifications thereto. The receiving party, upon contemporaneous notice to the producing person, and in accordance with applicable Court Rules, may then request relief from the Court. On any such motion or application the burden will be on the producing person to establish the need for the requested confidentiality. Documents labeled as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall retain such status and remain subject to the restrictions on use and disclosure set forth herein unless and until

a court determines that the documents are not entitled to such treatment pursuant to this Protective Order.

19. All materials designated Confidential or Attorneys' Eyes Only that are filed with the Court, including all depositions or any portions of depositions that contain Confidential or Attorneys' Eyes Only information, and all papers (including declarations, affidavits, and memoranda of law) purporting to reflect Confidential or Attorneys' Eyes Only information shall be filed with the Court in sealed envelopes or other appropriately sealed containers, which shall bear the title of the actions, an identification of the contents of the sealed envelope or container, the words "Confidential" or "Attorneys' Eyes Only" and an explanation that the information contained therein is protected by this Order and shall not be disclosed by the Clerk or any other person in any manner inconsistent with this Order except upon further order of the Court. Confidential or Attorneys' Eyes Only materials used in any Court proceeding in connection with these actions shall not lose their Confidential or Attorneys' Eyes Only status through such use. To avoid burdening the Court with an abundance of material filed under seal, the parties shall confer in good faith (time permitting) prior to filing documents containing information designated Confidential or Attorneys' Eyes Only under seal to agree, whenever possible, to permit the filing of such materials not under seal. Any waiver by a person of its right to have its materials designated Confidential or Attorneys' Eyes Only filed under seal shall not constitute a waiver of confidentiality for any other purpose, and such materials shall otherwise maintain the protections provided herein.

20. In filing Confidential Information with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court

Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the parties shall serve this Court and opposing counsel with unredacted copies of the Confidential Court Submission.

21. Documents and information subject to this Protective Order may be offered in evidence at any hearing or trial in this Litigation, upon reasonable prior notice under the circumstances to the producing person and subject to terms to be agreed upon or ordered by the Court. Nothing in this Protective Order shall operate as an admission by any party that any particular Confidential Information is, or is not, admissible in evidence at any such hearing or trial.

22. This Protective Order is binding on every person or entity who receives Confidential Information in connection with this action and has notice of this order.

Dated: New York, New York
May [28], 2009

CAPLAN & ROSS, LLP

By: _____
Brian D. Caplan
Jonathan J. Ross

100 Park Avenue 18th Floor
New York, New York 10017
(212) 973-2376
(212) 661-4290 (fax)

*Attorneys for Plaintiffs*

COVINGTON & BURLING LLP

By: _____
C. William Phillips
Jonathan M. Sperling

The New York Times Building
62 Eighth Avenue
New York, New York 10018
(212) 841-1000
(212) 841-1010 (fax)

*Attorneys for Defendants*

9

Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the parties shall serve this Court and opposing counsel with unredacted copies of the Confidential Court Submission.

21. Documents and information subject to this Protective Order may be offered in evidence at any hearing or trial in this Litigation, upon reasonable prior notice under the circumstances to the producing person and subject to terms to be agreed upon or ordered by the Court. Nothing in this Protective Order shall operate as an admission by any party that any particular Confidential Information is, or is not, admissible in evidence at any such hearing or trial.

22. This Protective Order is binding on every person or entity who receives Confidential Information in connection with this action and has notice of this order.

Dated: New York, New York
May 29, 2009

CAPLAN & ROSS, LLP

By: _____
          Brian D. Caplan
          Jonathan J. Ross

100 Park Avenue 18th Floor
New York, New York 10017
(212) 973-2376
(212) 661-4290 (fax)

*Attorneys for Plaintiffs*

COVINGTON & BURLING LLP

By: _____
          C. William Phillips
          Jonathan M. Sperling

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
(212) 841-1010 (fax)

*Attorneys for Defendants*

SO ORDERED: 7/8/09

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

9



SO ORDERED:

Dated: _____, 2009

10

**Exhibit A**

**ACKNOWLEDGEMENT**

I have received and read a copy of the Protective Order dated May [___] 2009 entered in the actions entitled Allman et al. v. Sony BMG Music Entertainment, 06 Civ. 3253 (GBD)(KNF) and The Youngbloods v. BMG Music, 07 Civ. 2394 (GBD)(KNF) and I understand and agree to be bound by the terms of the Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the Southern District of New York for purposes of enforcement of the Protective Order. I understand that unauthorized use or disclosure of documents or information subject to the Protective Order may be punished by monetary or other sanctions.

Dated: _____                    _____

11