UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| Gregg Allman, Jaimoe f/k/a Johnny Lee Johnson, and Butch Trucks individually, as members of "The Allman Brothers Band" and as partners in "The Allman Brothers Band Recording Company" and The Allman Brothers Band Recording Company; Elmo Shropshire, individually and as a member of "Elmo & Patsy"; on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>   -against-<br><br>SONY BMG MUSIC ENTERTAINMENT,<br>A Delaware General Partnership,<br><br>                          Defendant. | 06 Civ. 3252(GBD)<br><br>**ANSWER TO THIRD AMENDED COMPLAINT**<br><br>ECF CASE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Sony BMG Music Entertainment (now known as Sony Music Entertainment), by its attorneys, Covington & Burling LLP, responds to Plaintiffs' Third Amended Complaint as follows, upon knowledge as to itself and its own acts and upon information and belief as to all other matters:

      1.     Defendant denies the allegations of paragraph 1, except admits that Plaintiffs purport to bring a class action for breach of contract with respect to recordings sold in digital form.

      2.     Defendant denies the allegations of paragraph 2, except admits that Plaintiffs seek damages from Sony Music.

      3.     In response to paragraph 3, Defendant states that Sony Music has entered into many agreements of various types for the retail sale of digital downloads and ringtones,

respectfully refers the Court to each respective agreement for the full and complete terms thereof, and otherwise denies the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4, and further states that the royalty terms of its various agreements with recording artists and music producers vary substantially.

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7, and further states that the terms of its various agreements with recording artists and music producers vary substantially.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9, except admits that Plaintiffs seek damages.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, except admits, upon information and belief, that Allman is a musician, recording and performing artist.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, except admits, upon information and belief, that Jaimoe is a musician, recording and performing artist.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except admits, upon information and belief, that Trucks is a musician, recording and performing artist.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, except admits, upon information and belief, that Allman, Jaimoe and Trucks are all members of "The Allman Brothers Band".

13a. Defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations of paragraph 13a.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, except admits, upon information and belief, that Shropshire is a musician, recording and performing artist.

15. Defendant admits, upon information and belief, the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16, and further states that Sony Music Entertainment is the successor-in-interest to Sony BMG Music Entertainment, has its principal place of business located in New York City, and is in the business of, among other things, manufacturing, distributing, selling and otherwise commercially exploiting sound recordings of musical performances.

17. In response to paragraph 17, Defendant admits that digital downloading is a relatively new method of sale of recorded music and does not require manufacture or distribution of physical phonorecords, denies knowledge or information sufficient to form a belief as to the terms of agreements to which Sony Music is not a party, and otherwise denies the allegations of paragraph 17.

18. In response to paragraph 18, Defendant denies knowledge and information sufficient to form a belief as to the meaning plaintiffs intend by the phrases "Music Download Services," "Music Download Providers", and "Music Streaming Services," and, to the extent necessary, otherwise denies the allegations of paragraph 18.

19. In response to paragraph 19, Defendant admits that the sale of digital downloads and ringtones constitutes a significant component of Sony Music's receipts, and otherwise denies knowledge and information sufficient to form a belief as to the accuracy of paragraph 19.

20. In response to paragraph 20, Defendant states that Music Download Services are defined in paragraph 17 to exclude the manufacture or distribution of physical phonorecords, and otherwise denies the allegations of paragraph 20 and respectfully refers the Court to each respective agreement into which Sony Music has entered for the retail sale of digital downloads for the full and complete terms thereof.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. In response to paragraph 23, Defendant admits that a master ringtone is a form of digital recording that a consumer may download to a mobile phone to customize the sound the phone makes when it receives a call, denies knowledge and information sufficient to form a belief as to (i) the prices consumers pay to purchase ringtones, (ii) the meaning plaintiffs intend by the phrase "Ringtone Providers," and (iii) whether mobile phone companies or aggregators may lease master recordings from parties other than Sony Music, and otherwise denies the allegations of paragraph 23.

24. In response to paragraph 24, Defendant denies knowledge or information sufficient to form a belief as to the terms of agreements to which Sony Music is not a party, and otherwise denies the allegations of paragraph 24.

25. In response to paragraph 25, Defendant admits that the sale of ringtones constitutes a significant component of Sony Music's receipts, and otherwise denies knowledge and information sufficient to form a belief as to the accuracy of paragraph 25.

26. Defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations of paragraph 26.

27. In response to paragraph 27, Defendant admits that with respect to master ringtones, Sony Music need not manufacture any physical phonorecords, or ship any physical product, and otherwise denies the allegations of paragraph 27 and respectfully refers the Court to each respective agreement into which Sony Music has entered for the retail sale of ringtones for the full and complete terms thereof.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30 and respectfully refers the Court to Exhibit A to the Third Amended Complaint for the full and complete terms thereof.

31. Defendant admits that the provision quoted in paragraph 31 appears in the Allman Brothers Band Recording Agreement, to which Defendant respectfully refers the Court for the full and complete terms thereof.

32. Defendant admits the allegations of paragraph 32.

33. In response to paragraph 33, Defendant denies that the paragraph accurately summarizes the Allman Brothers Band Recording Agreement and respectfully refers the Court to the Allman Brothers Band Recording Agreement for the full and complete terms thereof.

34. In response to paragraph 34, Defendant denies that the paragraph accurately summarizes the referenced provision of the Allman Brothers Band Recording Agreement and respectfully refers the Court to the Allman Brothers Band Recording Agreement for the full and complete terms thereof.

35. In response to paragraph 35, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 35.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. In response to paragraph 37, Defendant denies that the paragraph accurately summarizes the Allman Brothers Band Recording Agreement, and respectfully refers the Court to the Allman Brothers Band Recording Agreement for the terms thereof.

38. Defendant denies the allegations of paragraph 38 and respectfully refers the Court to Exhibit B to the Third Amended Complaint for the full and complete terms thereof.

39. Defendant admits that the provision quoted in paragraph 39 appears in the Elmo & Patsy Recording Agreement, to which Defendant respectfully refers the Court for the full and complete terms thereof.

40. Defendant admits the allegations of paragraph 40.

41. In response to paragraph 41, Defendant denies that the paragraph accurately summarizes the Elmo & Patsy Recording Agreement and respectfully refers the Court to the Elmo & Patsy Recording Agreement for the full and complete terms thereof.

42. In response to paragraph 42, Defendant denies that the paragraph accurately summarizes the Elmo & Patsy Recording Agreement and respectfully refers the Court to the Elmo & Patsy Recording Agreement for the full and complete terms thereof.

43. In response to paragraph 43, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 43.

44. In response to paragraph 44, Defendant denies that the paragraph accurately summarizes the Elmo & Patsy Recording Agreement and respectfully refers the Court to the Elmo & Patsy Recording Agreement for the full and complete terms thereof.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. In response to paragraph 46, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required, and further states that the terms of its various agreements with recording artists and music producers vary substantially. To the extent that a response is deemed necessary, Defendant denies that the paragraph accurately summarizes the referenced recording agreements and respectfully refers the Court to those agreements for the full and complete terms thereof.

47. In response to paragraph 47, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required, except that Defendant admits that its principal place of business is located in the County of New York within the Southern District of New York.

48. In response to paragraph 48, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies that this action is properly maintainable as a class action.

49. Defendant denies knowledge or information sufficient to form a belief as to the number of members in Plaintiffs' proposed Class. In response to Plaintiffs' allegation regarding the impracticality of joinder, Defendant states that it consists entirely of a legal conclusion to which no response is required.

50. In response to paragraph 50, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies that there are questions of law and fact which are common to members of the Class and which predominate over any questions affecting individual members.

7

51. In response to paragraph 51, Defendant denies knowledge or information sufficient to form a belief about Plaintiffs' commitment to prosecuting this action, or the competence and experience of their counsel. Defendant further states that the remaining allegations of paragraph 51 consist entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

52. Defendant states that the allegations of paragraph 52 consist entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

53. Defendant states that the allegations of paragraph 53 consist entirely of a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Defendant states that the allegations of paragraph 55 consist entirely of a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies that a class action is superior to other available methods for the fair and efficient adjudication of this action.

56. In response to paragraph 56, Defendant admits that it since at least January 1, 1962, Defendant or its predecessors have entered into agreements in connection with the creation of master recordings which set forth royalties to be paid or credited to persons or entities based upon the exploitation of such master recordings. Defendant otherwise denies the allegations of paragraph 56 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

57.     In response to paragraph 57, Defendant admits that it since at least January 1, 1962, Defendant or its predecessors have entered into agreements in connection with the creation of master recordings which set forth royalties to be paid or credited to persons or entities based upon the exploitation of such master recordings.  Defendant otherwise denies the allegations of paragraph 57 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

58.     In response to paragraph 58, Defendant admits that it since at least January 1, 1962, Defendant or its predecessors have entered into agreements in connection with the creation of master recordings which set forth royalties to be paid or credited to persons or entities based upon the exploitation of such master recordings.  Defendant otherwise denies the allegations of paragraph 58 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

59.     Defendant denies the allegations of paragraph 59 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

60.     Defendant denies the allegations of paragraph 60 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

61.     Defendant admits that many of the agreements into which it has entered in connection with the creation of master recordings which set forth royalties to be paid or credited to persons or entities based upon the exploitation of such master recordings contain this or a substantially-similar definition of "Records" and/or "Phonograph Records."  Defendant otherwise denies the allegations of paragraph 61 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

62. In response to paragraph 62, Defendant states that Sony Music has entered into many agreements of various types for the retail sale of digital downloads and ringtones, respectfully refers the Court to each respective agreement for the full and complete terms thereof, and otherwise denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65 and further states that the terms of its various agreements with recording artists and music producers vary substantially.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. In response to paragraph 72, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required, and further states that the terms of its various agreements with recording artists and music producers vary substantially. To the extent that a response is deemed necessary, Defendant denies that the paragraph accurately summarizes the referenced recording agreements and respectfully refers the Court to those agreements for the full and complete terms thereof, and otherwise denies the allegations of paragraph 72.

73. Defendant repeats and realleges the foregoing responses as if set forth fully herein.

74. Defendant admits that on November 8, 2005, a representative of ABBRC notified Sony Music of its claim that Sony Music improperly calculated royalties for digital downloads in violation of the Allman Brothers Band Recording Agreement. Defendant otherwise denies the allegations of paragraph 74.

75. In response to paragraph 75, Defendant states that the paragraph consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 75.

76. In response to paragraph 76, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant repeats and realleges the foregoing responses as if set forth fully herein.

79. Defendant admits that on November 8, 2005, a representative of ABBRC notified Sony Music of its claim that Sony Music improperly calculated royalties for digital downloads in violation of the Allman Brothers Band Recording Agreement. Defendant otherwise denies the allegations of paragraph 79.

80. In response to paragraph 80, Defendant states that the paragraph consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 80.

81. In response to paragraph 81, Defendant states that the paragraph consists entirely of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

### As and for a First Affirmative Defense

83. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

### As and for a Second Affirmative Defense

84. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

### As and for a Third Affirmative Defense

85. Plaintiffs' claims are barred, in whole or in part, on the ground that Plaintiffs failed to mitigate any damages alleged in the Third Amended Complaint.

### As and for a Fourth Affirmative Defense

86. Plaintiffs' claims are barred, in whole or in part, by the doctrine of release or accord and satisfaction.

### As and for a Fifth Affirmative Defense

87. Plaintiffs' claims are barred, in whole or in part, by contractual limitations of remedies.

### As and for a Sixth Affirmative Defense

88. Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

### As and for a Seventh Affirmative Defense

89. Plaintiffs' claims are barred, in whole or in part, on the ground that Plaintiffs lack standing to bring an action to enforce the terms of the Allman Brothers Band Recording Agreement or the Elmo & Patsy Recording Agreement.

### As and for an Eighth Affirmative Defense

90. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Additional Affirmative Defenses

91. Defendants reserve the right to assert any additional affirmative defenses which become apparent based on facts adduced in discovery or otherwise.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Third Amended Complaint and all claims asserted therein with prejudice, and awarding Defendant attorneys' fees and costs and such other and further relief as the Court may deem just and proper.

Dated: New York New York
       May 7, 2010

                              COVINGTON & BURLING LLP

                              By: /s   Jonathan M. Sperling
                                   Jonathan M. Sperling

                                   C. William Phillips
                                   Jonathan M. Sperling
                                   Ethan Jacobs

                                   The New York Times Building
                                   620 Eighth Avenue
                                   New York, New York 10018
                                   (212) 841-1000 (phone)
                                   (212) 841-1010 (fax)
                                   www.cov.com

                                   *Attorneys for Defendant*