3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class he seeks to represent; (d) the Plaintiff and Plaintiff's Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Elmo Shropshire is certified as Class Representative and the law firms of Caplan & Ross, LLP, Milberg LLP, and Probstein, Weiner & Butler are certified as Class Counsel.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2012, at ___:_____ __.m. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Third Amended Complaint filed herein, with prejudice and without costs;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff; and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     If the Court approves the Settlement, then following the Settlement Hearing, it shall enter the Order and Final Judgment, substantially in the form annexed to the Stipulation as Exhibit B, the terms of which are hereby incorporated by reference.

7.     Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Stipulation, shall be considered as a factor in connection with any class certification issue(s) if the Stipulation terminates or the Settlement is not finally approved.

8.     The Settlement Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider  (with the consent of both Plaintiff and Defendant) modifications of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff without further notice to the Class.

4

9.      The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Third Amended Complaint with prejudice and without costs regardless of whether it has awarded attorneys' fees and expenses or a service award to Plaintiff.

10.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Actions, Proposed Settlements of Class Actions, Motions for Attorneys' Fees and Expenses, and Settlement Hearings (the "Notice") and the Claim Form, annexed hereto as Exhibits 1 and 2 respectively.

11.      Provided that this Order has been entered on or before March 15, 2012, SME shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed to each royalty recipient on or before April 6, 2012 as provided in the Stipulation.

12.      SME shall maintain a web site in connection with the Settlement, which will prominently display links through which potential Class Members may submit a request for copies of their contracts and may indicate whether they wish to be contacted by Class Counsel. SME will provide to Class Counsel the names and contact information of persons who indicate that they wish to be contacted by Class Counsel.

13.      The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that SME shall cause the Publication Notice to appear in *Billboard* magazine, one-quarter page in size, within 30 days after the mailing of the Notice and Claim Form.

14.     Defendant's Counsel shall, at least 60 days before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form, and proof of publication of the Publication Notice.

15.     This civil action was commenced after February 18, 2005.  The Court directs Defendant to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Defendant's Counsel shall, at or before the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16.     The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

17.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons submit a Request for Exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____, 2012 to SME, at the Post Office Box indicated in the Notice.  Such Request for Exclusion shall clearly indicate the name, address and telephone number of the artist (individual or band), producer or company seeking exclusion, that the sender requests to be excluded from the Class in *Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF), and must be signed by such person.  Such persons requesting exclusion are also asked

6

(but not required) to provide the date(s) of the Class Contract(s) or any of its amendments and the royalty account number(s) from their royalty statement(s).  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  As to each Class Contract, Requests for Exclusion shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

18.     Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and their application for attorneys' fees and expenses and a service award for Plaintiff by no later than _____, 2012.

19.     Any Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Order and Final Judgment should not be entered thereon; why the proposed plan of allocation should not be approved as fair, reasonable and adequate; or why Class Counsel should not be awarded attorneys' fees and expenses in the amount sought by Class Counsel or the Plaintiff should not be awarded a service award in the amount sought; provided, however, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed plan of allocation or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff, unless on or before _____, 2012, the Class Member has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of Class membership) upon Jonathan M. Sperling, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York  10018-1405 on behalf of the Defendant and Brian Caplan, Caplan & Ross, LLP, 270

7

Madison Avenue, 13th Floor, New York, New York 10016 and Benjamin Y. Kaufman, Milberg

LLP, One Penn Plaza, New York, New York 10119-0165 on behalf of the Plaintiff and the

Class, and has filed the objections, papers and briefs showing due proof of service upon all

counsel identified above with the Clerk of the Court, United States District Court for Southern

District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New

York, NY 10007-1312. Attendance at the hearing is not necessary; however, persons wishing to

be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the

request for attorneys' fees and expenses and a service award for Plaintiff are required to indicate

in their written objection their intention to appear at the hearing. Persons who intend to object to

the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of

attorneys' fees and expenses and a service award for Plaintiff and who desire to present evidence

at the Settlement Hearing must include in their written objections the identity of any witnesses

they may call to testify and exhibits they intend to introduce into evidence at the Settlement

Hearing. Class Members do not need to appear at the hearing or take any other action to indicate

their approval.

20.    Class Counsel shall submit their papers in response to any objections by no later

than _____, 2012.

21.    Any Class Member who does not object to the Settlement and/or the Plan of

Allocation and/or the adequacy of representation and/or Class Counsel's application for an award

of attorneys' fees and expenses and a service award for Plaintiff in the manner prescribed in the

Notice shall be deemed forever to have waived such objection and shall forever be barred from

making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the

Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the

8

adequacy of representation or the application by Class Counsel for an award of attorneys' fees and expenses and a service award for Plaintiff and from otherwise being heard concerning these subjects in this or any other proceeding.

22.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, or commence any action which asserts Released Plaintiff Claims against any Released Party.  Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by the Defendant or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of the Defendant or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

24.     In the event the Settlement is terminated or the Effective Date fails to occur, then, (i) the Stipulation, including any amendment(s) thereof, this Order conditionally certifying the

Class, the Class Representative and Class Counsel for purposes of the Settlement, and any findings or stipulations regarding certification of the Class shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity; (ii) the parties shall be deemed to have reverted to their respective status in the Action as of August 11, 2011; (iii) except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered; and (iv) any attorneys' fees and reimbursements of expenses paid by SME to Class Counsel shall be returned to SME.

25.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          New York, New York
                _____, 2012


                                    _____
                                    Honorable George B. Daniels
                                    UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## Notice of Pendency of Class Actions, Proposed Settlements of Class Actions, Motions for Attorneys' Fees and Expenses, and Settlement Hearings

To all persons entitled to royalty payments for permanent digital downloads and ringtones under contracts currently held by CBS Records or Sony Music Entertainment ("SME") or by Arista Music, formerly known as BMG Music ("Arista"):

This Notice summarizes Class Members' rights under the proposed settlements of two class action lawsuits as described below. You are eligible for payment if (1) you are a Class Member (See the section titled "Who is a Class Member?" below), (2) you do not exclude yourself, or "opt out" (See the section titled "Opt-Out of the Settlement Classes" below), and (3) you submit a valid Claim Form (See the section titled "Participate in the Settlements" below).

These actions challenged the calculation of royalty payments due to Class Members for sales of permanent digital downloads and ringtones of recordings under Class Contracts. The proposed settlements (1) make $7.95 million available to all Class Members in connection with sales in the U.S. of permanent digital downloads and ringtones through December 31, 2010 and (2) provide for an increase in the royalty rate for certain Class Members for such sales after January 1, 2011.

### THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This Notice is provided to you by orders of the United States District Court, Southern District of New York. This summarizes the proposed settlements of two class-action lawsuits (*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF) (the "*SME Action*") and *Youngbloods v. BMG Music*, 07 Civ. 2394 (GBD) (KNF) (the "*BMG Action*")) asserting breach of contract claims relating to the calculation by SME and Arista of royalty payments due to Class Members for sales of permanent digital downloads and ringtones under Class Contracts. SME and Arista deny all allegations of wrongdoing and have asserted many defenses. The settlements are not an admission of wrongdoing.

### Who Is A Class Member?

You are a Class Member if you: (a) are a party to a "Class Contract" (as defined below) and (b) did not provide SME or Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010.

"Class Contract" means a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period"), that (i) was entered into with CBS Records or SME or with BMG Music (now known as Arista), including their unincorporated divisions and business units, their United States subsidiaries as of July 2004, and any predecessor in interest to

any of them; (ii) is currently held by SME or Arista, including their unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that SME or Arista will pay to such Class Member 50% of SME's or Arista's net receipts in respect of any Master Recording leased or licensed by SME or Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision.

For the Class in the *SME Action*, the Class Labels are those that were affiliated with or subsidiaries of CBS Records or Sony Music Entertainment as of July 2004, including but not limited to Columbia Records and Epic Records. For the Class in the *BMG Action,* the Class Labels are those that were affiliated with or subsidiaries of BMG Music as of July 2004, including but not limited to Arista Records, Jive Records, and RCA Records.

Only contracts with these Class Labels dated between January 1, 1976 and December 31, 2001 are covered by these settlements. If you have a contract dated before January 1, 1976 that otherwise meets the definition of a Class Contract it may be treated as a Class Contract.

Each person to whom this Notice is being sent should review his or her contract(s) and any amendments to determine whether he, she or it is a Class Member. **If you do not have your contract or any of its amendments, you may contact SME or Arista to request a copy.** Visit the settlement website at [*www._____.com*] for links to request for copies of your contract(s) and to indicate whether you wish to be contacted by Class Counsel.

## What Are The Terms Of The Proposed Settlements?

This Notice is only a summary of the proposed settlements. The complete terms of each proposed settlement are set forth in two formal Stipulations and Agreements of Settlement (together, the "Stipulations") which are on file with the Court for each case and are also available by visiting the settlement website at [*www._____.com*] or through Class Counsel.

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides, with the assistance of a mediator, agreed to these settlements. Settlement avoids the costs of a trial, and assures that settlement benefits go to Class Members. The Class Representatives and their attorneys think these settlements are in the best interests of the Classes.

The settlements are summarized below.

- The Settlement Funds for Sales Through December 31, 2010 (Past Settlement Relief)

$7.65 million, less Plaintiffs' attorneys' fees and expenses as may be approved by the Court, is available for Class Members (1) who are parties to a Class Contract under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) who submit a valid Claim Form. These funds would be paid or credited, as applicable, *pro rata* to the royalty accounts of qualifying Class Members.

$300,000 cash, without any deduction of fees or expenses, is being made available to all Class Members, regardless of their royalty account balance, (1) who are parties to a Class Contract under which fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) who submit a valid Claim Form. The cash would be paid equally *per capita* among qualifying Class Members.

The proposed settlements allocate the $7.65 million and $300,000 Past Settlement Relief amounts between the *SME Action* and the *BMG Action* based on the relative proportion of sales by SME artists to sales by Arista artists in the U.S. on Apple's iTunes Store through December 31, 2010.

Based on this sales data, 54.86% is attributed to the settlement with SME ($4,196,790 of the $7.65 million fund and $164,580 of the $300,000 fund) and 45.14% is attributed to the settlement with Arista ($3,453,210 of the $7.65 million fund and $135,420 of the $300,000 fund).

- <u>Additional Royalty for Sales after December 31, 2010 (Prospective Settlement Relief)</u>

SME and Arista have agreed to modify the Class Contracts of Class Members who submit a valid Claim Form and who qualify for Prospective Settlement Relief to provide that SME and Arista will calculate royalties on Sales[1] in the United States of permanent digital downloads and ringtones of recordings attributable to Class Contracts under the royalty provisions that it currently applies to such Sales, and shall add an additional royalty equal to 3% of the gross amount paid or credited to SME or Arista with respect to each such U.S. permanent digital download or ringtone, with no deductions of any kind and no reserves held (the "Additional Royalty").

The Additional Royalty is available to Class Members who are party to a Class Contract under which:

---

[1] For purposes of these settlements, "Sales" means any distribution in the United States of permanent digital downloads or ringtones, whether by sale, license, or otherwise, excluding, for the avoidance of doubt, uses of sound recordings attributable to Class Contracts in motion pictures, television, advertising, or other uses for which SME or Arista currently accounts under such Class Contracts' Net Receipts Provisions.

(i) at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 (such Additional Royalty to be applied to all Sales after January 1, 2011); or

(ii) fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010, but who (x) have at least $18,000 of royalty earnings attributable to Sales in the United States of any such recordings on Apple's iTunes Store within any two consecutive royalty accounting periods after January 1, 2011; and (y) thereafter notify SME or Arista in writing of their right to such Additional Royalty within the period in which such Class Member, under the terms of the applicable Class Contract, may object to royalty accountings for the later of such two consecutive royalty accounting periods (provided that SME and Arista shall owe such Additional Royalty only commencing with the royalty period following such assertion of right).

- Class Counsel Fee and Expense Requests

In the *SME Action*, the Court preliminarily ordered that the law firms of Caplan & Ross, LLP and Milberg LLP in New York, NY and Probstein, Weiner & Butler in Culver City, CA will represent the Class.

In the *BMG Action*, the Court preliminarily ordered that the law firms of Caplan & Ross, LLP and Milberg LLP in New York, NY and Law Offices of Thomas A. Cohen in Mill Valley, CA will represent the Class.

These lawyers are called Class Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel are moving the Court to award them attorneys' fees and expenses in the amounts of $1,453,790 in the *SME Action* and $1,196,210 in the *BMG Action*.

The Court will determine what amount of attorneys' fees and expenses shall be payable to Class Counsel. The amounts awarded by the Court will be payable solely from the Past Settlement Relief available to Class Members who are parties to Class Contracts under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store as of December 31, 2010. The fees and expenses will not be sought from the Past Settlement Relief available to Class Members who are parties to Class Contracts under which fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store as of December 31, 2010.

Class Counsel are also moving the Court to award $15,000 to Elmo Shropshire and $15,000 to The Youngbloods for their services as Class Representatives.

The amounts awarded by the Court to the Class Representatives will be paid by SME and Arista in cash and will not be deducted from any of the available Past Settlement Relief.

The Court will determine the appropriate amount of these awards. The settlements are <u>not</u> conditioned upon approval of any of the attorneys' fees and expenses or Class Representative award amounts.

Class Counsel will file their papers in support of final approval of the Settlements and their application for attorneys' fees and reimbursement of expenses, and for payments to the Class Representatives, by no later than _____, **2012**. These papers will also be posted on the settlement website ([*www._____.com*]).

- <u>Payments to Settlement Class Members</u>

If the settlements are approved by the Court, then:

Class Members who (1) are parties to a Class Contract under which *at least* 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) submit a valid Claim Form, will receive their *pro rata* share of the Past Settlement Relief.[2] They will also receive the Additional Royalty for Sales after December 31, 2010.

Class Members who (1) are parties to a Class Contract under which *fewer than* 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) submit a valid Claim Form will receive a *per capita* share of the Past Settlement Relief.[3] They are <u>not</u> eligible to receive the Additional Royalty <u>unless</u> they (x) have an aggregate total of at least $18,000 of royalty earnings attributable to sales in the United States of any such recordings on Apple's iTunes Store within any two

---

[2]     The *pro rata* share will be a fraction, the numerator of which is the total revenue from permanent digital downloads of recordings attributable to the claimant's Class Contract(s) with respect to Sales in the U.S. through Apple's iTunes Store through December 31, 2010, less any such revenue attributable to any period before December 31, 2010 for which the claimant has provided SME or Arista with a release, and the denominator of which is the total revenue from permanent digital downloads of recordings attributable to all such claimants' Class Contracts from Sales in the U.S. on Apple's iTunes Store through December 31, 2010, less any such revenue attributable to any period before December 31, 2010 for which any such claimant has provided SME or Arista with a release.

[3]     The *per capita* share be a fraction, the numerator of which is one (1), and the denominator of which is the total number of Class Members who submit a valid Claim Form and who had fewer than 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by SME or BMG (n/k/a Arista) on Apple's iTunes Store from inception through December 31, 2010.

consecutive royalty accounting periods after January 1, 2011 and (y) thereafter notify SME or Arista in writing of their right to such Additional Royalty in the period within which such Class Member, under the terms of the applicable Class Contract, may object to royalty accountings for the later of such two consecutive royalty accounting periods. SME and Arista will owe such Additional Royalty starting with the next royalty period following the assertion of right.

**PLEASE NOTE THAT Class Members <u>must</u> submit a valid Claim Form to receive any benefits under the settlements. If you are a Class Member and do not submit a valid Claim Form, you will not receive any benefits under the settlements, but you nevertheless will be bound to the terms of the settlement(s) by the judgment of the Court.**

## <u>What Happens Next?</u>

The Court will hold Settlement Hearings on ____day, _____, 2012, at ___:_____ __.m. at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 21D, New York, NY 10007-1312, to hear any objections and to consider whether to give final approval to the settlements. The Court will hear objections at the hearings from those who timely object to the settlements (see below). You may participate in a Settlement Hearing with or without an attorney, but if you choose to be represented by an attorney you must do so at your own expense. YOU <u>DO NOT</u> HAVE TO APPEAR AT A HEARING TO RECEIVE THE BENEFITS OF A SETTLEMENT. YOU <u>DO</u> HAVE TO SUBMIT A CLAIM FORM TO RECEIVE THE BENEFITS OF A SETTLEMENT.

## <u>What Are Your Options?</u>

**<u>Participate in the Settlements</u>.** If you are a Class Member and wish to receive payment of the Past Settlement Relief, **you must mail a completed Claim Form postmarked on or before the later of _____, 2012 or 45 days from your receipt of contracts from SME or Arista pursuant to a timely request for copies of such contracts as provided for in the Claim Form.** A Claim Form is enclosed with this Notice. A Claim Form is also available at the settlement website at [*www._____.com*]. **This is the only deadline for Past Settlement Relief.**

As to each Class Contract, Claim Forms shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

Class Members who submit valid Claim Forms for the Past Settlement Relief and who are parties to a Class Contract under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 will automatically receive any Prospective Settlement Relief to which they are entitled.

Class Members who submit valid Claim Forms for the Past Settlement Relief and who are parties to a Class Contract under which fewer than 28,500 total

downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 will **not** automatically be considered for any Prospective Settlement Relief to which they may become entitled based on their post-December 31, 2010 royalty earnings. If their post-December 31, 2010 royalty earnings would meet the threshold to qualify them to receive the Additional Royalty increase, they will need to assert their right to such Additional Royalty as described above.

Class Members who are parties to a Class Contract under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 who fail to submit a timely Claim Form to receive Past Settlement Relief may still submit a Claim Form by _____, 2014 to receive Prospective Settlement Relief. The Prospective Settlement Relief for such eligible Class Members will only apply beginning with the royalty accounting period following submission of the Claim Form, so missing the deadline for Past Settlement Relief means missing the 3% Additional Royalty for the upcoming royalty accounting period.

If you are a Class Member and do not submit a valid Claim Form, then you will not share in any of the Past Settlement Relief or Prospective Settlement Relief but you nevertheless will be bound to the terms of the settlement(s) by the judgment of the Court.

- **Opt Out of the Settlement Classes.** You and the other parties to your Class Contract(s), if any, may exclude yourselves from the settlements. If you choose to exclude yourself, or "opt out," please provide a written statement that includes: (1) your full name; (2) your address; (3) your telephone number; (4) the name of the artist (individual or band), producer or company seeking exclusion (if any different from your name); (5) the date(s) of the Class Contract(s) or any of its amendments and the royalty account number(s) from your royalty statement(s); (6) a sentence certifying that you are a Class Member; and (7) a statement that you "request to be excluded from the class settlements in the *SME Action* and the *BMG Action*." You must personally sign your written "opt-out" statement and mail it postmarked by _____, **2012** to the following address:

      SME and Arista Music Class Settlements
      EXCLUSIONS
      P.O. Box _____
      City, ST  ZIP

As to each Class Contract, Requests for Exclusion shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

If you meet the definition of a Class Member and you do not opt out, you will be bound to the terms of the settlement(s) by the judgment of the Court.

If you opt out, you will not get any settlement payment, you cannot object to the settlements, and you will not be bound to the terms of the settlement(s) by the judgment of the Court.

Defendants may withdraw from and terminate the Settlements if certain threshold levels of persons who would otherwise be Class Members timely and validly request exclusion from the Classes.

- **Object to the Settlements.** If you are a Class Member, you may remain a Class Member, but object to the terms of the settlements. You may object to all or any portion of a settlement at a Settlement Hearing, but you must first submit your objections in writing. All objections must include:  (1) your name, address and telephone number; (2) the date(s) of the Class Contract(s) or any of its amendments and the royalty account number(s) from your royalty statement(s); (3) a sentence confirming, under penalty of perjury, that you believe you are a Class Member; (4) the factual basis and legal grounds for your objection; (5) the identity of any witnesses whom you may call to testify at a Settlement Hearing; and (6) copies of any exhibits you intend to offer into evidence at a Settlement Hearing. To be considered, objections must be filed with the Court and mailed to the lawyers handling the case for each side postmarked no later than _____, 2012 at the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>Southern District of New York<br>Daniel Patrick Moynihan United<br>States Courthouse<br>500 Pearl Street<br>New York, NY  10007-1312 | Brian Caplan<br>Caplan & Ross, LLP<br>270 Madison Avenue, 13th<br>Floor<br>New York, NY  10016<br><br>Benjamin Y. Kaufman<br>Milberg LLP<br>One Penn Plaza<br>New York, NY  10119-0165 | Jonathan M. Sperling<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018-1405 |

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

### What Claims Will Be Released By These Settlements?

If the settlements receive final approval from the Court, the settlements will be legally binding on all Class Members, including Class Members who object. If you, or someone acting on your behalf, are currently litigating claims against SME or Arista or the other Released Parties, you will be barred from pursuing the claims released by these settlements unless you validly "opt out" as described above. The full terms of the release, which will bind all Class Members as to certain claims against SME or Arista and the other Released Parties, are set forth in the

Stipulations on file with the Court and available online at [*www._____.com*]. In summary, Class Members will release claims that any past, present, or future Sales in the United States of permanent digital downloads or ringtones of sound recordings owned by SME or Arista (including its unincorporated divisions and business units) or its subsidiaries involve a lease or license of such sound recordings for purposes of calculating royalties or other payments to any Class Member, or that SME or Arista otherwise should calculate royalties on Sales in the United States of permanent digital downloads or ringtones of recordings attributable to Class Contracts under royalty provisions other than those that SME or Arista currently apply to such Sales; provided, however, that this release shall not in any way impair or restrict the rights to enforce the terms of the Settlement and is without prejudice to any other rights or audit rights not involving those claims. Except as expressly provided in connection with the Prospective Settlement Relief, nothing in this release shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. *See* the Stipulations for the precise release language. If you are currently litigating claims against SME or Arista or the other Released Parties, speak to your lawyer in that matter immediately.

## MORE INFORMATION IS AVAILABLE

This Notice is only a summary of the settlements and the Stipulations. If you have questions regarding the settlements, or would like to review a copy of the Stipulations, please visit the settlement website, [*www._____.com*], contact Class Counsel, or write to:

> SME and Arista Music Class Settlements
> P.O. Box _____
> City, ST  ZIP

You may also review the Court's file during regular court hours at:

> U.S. District Court, Southern District of New York
> 500 Pearl Street
> New York, NY  10007-1312

**PLEASE DO NOT TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

By Order of the United States District Court, Southern District of New York

1-

EXHIBIT A-2

# CLAIM FORM

## CLASS ACTION SETTLEMENTS

**If you fail to return this Form, you may lose valuable rights under the Settlements.**

**You May Be Eligible for Increased iTunes Payments (or Other Permanent Digital Download or Ringtone Royalties) as Part of the Settlements of Class Action Lawsuits.**

      If you wish to participate in the settlement consideration, please complete, sign, and return this Form, postmarked by the later of _____, **2012**, or 45 days after you receive a copy of your contracts in response to a timely request for them as detailed in 2 below, and mailed to [Mailing Address].

      These Settlements apply to certain persons who have signed or who have rights under a contract with any record label that is now a part of Sony Music Entertainment or its subsidiaries. All such labels are referred to in shorthand on this Form as SME.  If you receive royalty statements from SME, then you may be such a person.  If you cannot locate a copy of your contract(s), SME will provide you a copy as detailed in 2 below.

1.  Please identify the artist (individual or band), producer, or company that signed a recording contract with SME and on whose behalf you're responding.

      Name: _____

2.  DO YOU HAVE A COPY OF YOUR CONTRACT?      Yes ☐      No ☐

    IF YOU DO NOT HAVE A COPY, PLEASE GO TO [*www._____.com*] NO LATER THAN _____, **2012** TO REQUEST ONE.

## PLEASE LOOK THROUGH YOUR CONTRACT AND ANY AMENDMENTS TO IT TO ANSWER THE FOLLOWING QUESTIONS:

3.  Is the original contract or *any of its amendments* dated after 1975?      Yes ☐      No ☐

4.  Is the original contract dated after 2001?      Yes ☐      No ☐

5.  Does the contract or any of its amendments specify that the record label will pay 50% of its receipts from any licenses or leases to third parties (such as a license for a compilation album), other than film or television licenses?      Yes ☐      No ☐

6.  Does the contract or any of its amendments specify a royalty rate for digital downloads?           Yes ☐          No ☐
                                                                                                         I Don't Know ☐

7.  Have you audited royalties paid under the contract since 2003?           Yes ☐          No ☐
                                                                             I Don't Know ☐

8.  A.  Are you the artist, the authorized representative of the artist, or the authorized representative of a company that signed a recording contract with SME?           Yes ☐          No ☐

    B.  Are you a successor-in-interest (e.g., the heir, estate, or assignee) to the artist or company that signed a recording contract with SME, or an authorized representative of a successor-in-interest to the artist or company that signed a recording contract with SME?           Yes ☐          No ☐

    C.  Are you a producer that signed a contract directly with SME, or an authorized representative of such a producer?  *If you only receive a share of an artist's royalties under a letter of direction or a contract between you and an artist, check "No."*           Yes ☐          No ☐

    D.  Are you a successor-in-interest (e.g., the heir, estate, or assignee) to a producer that signed a contract directly with SME, or an authorized representative of such a successor?  *If you only receive a share of an artist's royalties under a letter of direction or a contract between you and a producer or artist, check "No."*           Yes ☐          No ☐

**If you are unsure about how to answer any question on this Form or have questions about your rights as a class Member under this Settlement, please contact Class Counsel:**

Brian D. Caplan                         Tom Cohen
Caplan & Ross, LLP                      Law Offices of Thomas A. Cohen
270 Madison Avenue, 13th Floor          591 Redwood Highway, Suite 2320
New York, New York  10016               Mill Valley, California  94941
Telephone:  (212) 973-2376              Telephone:  (415) 777-1997
e-mail address:  bcaplan@caplanross.com e-mail address:  tomcohen@ionix.net

I affirm under penalty of perjury that the foregoing information is true and correct to the best of my information and belief.

Date:_____

_____
Signature

_____
Printed Name

_____
Mailing Address

_____
Email Address

_____
Phone Number

EXHIBIT A-3

## SUMMARY NOTICE OF PROPOSED SETTLEMENTS OF CLASS ACTIONS

To all persons entitled to royalty payments for permanent digital downloads and ringtones under contracts currently held by CBS Records or Sony Music Entertainment ("SME") or by Arista Music, formerly known as BMG Music ("Arista"):

**If you are a party to certain recording contracts currently held by CBS Records, SME, or Arista, then you may be entitled to benefits under these class action settlements.**

*The United States District Court for the Southern District of New York authorized this Notice.*

*This is not a solicitation from a lawyer.*

This is only a summary of the Notice. The Notice and the Claim Form are being mailed to all royalty account statement recipients. If you did not receive a copy of the Notice and the Claim Form, please visit [*www._____.com*] or call toll-free 1-___-___-____ to obtain copies.

Settlements are proposed for two class action lawsuits (*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF) (the "*SME Action*") and *Youngbloods v. BMG Music*, 07 Civ. 2394 (GBD) (KNF) (the "*BMG Action*")) asserting breach of contract claims relating to royalty payments due to Class Members for digital download and ringtone compensation. SME and Arista deny all allegations of wrongdoing and have asserted many defenses. The settlements are not an admission of wrongdoing.

The proposed settlements (1) make $7.95 million available to all Class Members in connection with sales in the U.S. of permanent digital downloads and ringtones through December 31, 2010 and (2) provide for an increase in the royalty rate for certain Class Members for such sales after January 1, 2011.

### Who is Affected by these Class Actions?

You are a Class Member if you: (a) are a party to a Class Contract (defined below) and (b) did not provide SME or Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010.

"Class Contract" means a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period") that (i) was entered into with CBS Records or SME or with BMG Music (now known as Arista), including their unincorporated divisions and business units, their United States subsidiaries as of July 2004, and any predecessor in interest to any of them; (ii) is currently held by SME or Arista, including their unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that SME or Arista will pay to such Class Member 50% of SME's or Arista's net receipts in respect of any Master Recording leased or licensed by SME or Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was

not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision.

To determine whether you are a Class Member, you should review your contract(s) and any amendments . **If you do not have your contract or any of its amendments, you may request a copy through the settlement website at [*www._____.com*].**

### What Can Class Members Get From the Proposed Settlements?

1. **Past Settlement Relief.** All Class Members who submit a valid Claim Form will get a share of $7.95 million in settlement funds, allocated based on their permanent digital downloads sold in the U.S. on Apple's iTunes Store through December 31, 2010.

2. **Prospective Settlement Relief.** Certain Class Members who submit a valid Claim Form will get an additional 3% royalty for permanent digital downloads and ringtones sold in the U.S. after January 1, 2011.

### How Do You Receive a Benefit?

Instructions on how to qualify and submit a Claim Form are available in the Notice and posted at the settlement website ([*www._____.com*]) or by calling toll-free 1-___-___-____, or writing to SME and Arista Music Class Settlements, P.O. Box ____, City, ST  ZIP.

### What Are Your Other Options?

If you are a Class Member and you don't want to receive a payment as described above and you don't want to be legally bound by the settlements, you must exclude yourself by _____, 2012, or you won't be able to sue, or continue to sue, SME or Arista about the legal claims in these cases. If you exclude yourself, you can't receive a payment under these settlements. If you remain a Class Member, you may object to the settlements by _____, 2012. The Notice describes how to exclude yourself or object.

The Court will hold hearings in these cases on _____, 2012, to consider whether to approve the settlements. The Court will also consider Class Counsel's motion for attorneys' fees and expenses and for service awards to the Class Representatives. You may appear at the hearings, but you don't have to.

1-

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMO SHROPSHIRE, INDIVIDUALLY AND AS A MEMBER OF "ELMO & PATSY"; ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>                                 Plaintiff,<br><br>     -against-<br><br>SONY MUSIC ENTERTAINMENT, A Delaware General Partnership,<br><br>                               Defendant | 06 Civ. 3252 (GBD) (KNF)<br><br>**ECF CASE** |

## <u>ORDER AND FINAL JUDGMENT</u>

On the _____ day of _____, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 7, 2012 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendant in the Third Amended Complaint now pending in this Court under the above caption, including the release of the Defendant and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Third Amended Complaint with prejudice and without costs in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Class Counsel attorneys' fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all Sony Music Entertainment ("SME") royalty recipients, at the respective addresses

set forth in SME's records, and that a summary notice of the hearing substantially in the form

approved by the Court was published in *Billboard* magazine pursuant to the specifications of the

Court; and the Court having considered and determined the fairness and reasonableness of the

Settlement, the Plan of Allocation, and the award of attorneys' fees and expenses requested; and

all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiff, all

Class Members, and Defendant.

2.      The Court finds that the prerequisites for a class action under Federal Rules of

Civil Procedure 23 (a) and (b)(3) for settlement purposes have been satisfied in that: (a) the

number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Class; (c) the claims of the Class

Representative are typical of the claims of the Class he seeks to represent; (d) the Class

Representative and Class Counsel have and will fairly and adequately represent the interests of

the Class; (e) the questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members of the Class; and (f) a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

finally certifies this action as a class action for settlement purposes on behalf of all recording

artists and producers who (a) are parties to a contract dated between January 1, 1976 and

December 31, 2001 (the "Class Period") that (i) was entered into with CBS Records or Sony

Music Entertainment, including their unincorporated divisions and business units, their United

States subsidiaries as of July 2004, and any predecessor in interest to any of them; (ii) is currently held by Sony Music Entertainment, including its unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that SME will pay to such Class Member 50% of SME's net receipts in respect of any Master Recording leased or licensed by SME to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision (a "Class Contract"); and (b) did not provide SME with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010.  Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant.  **[Also excluded from the Class are the persons and/or entities who submitted Requests for Exclusion as listed on Exhibit 1 annexed hereto OR No timely and valid Requests for Exclusion from the Class were received.]**

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiff Elmo Shropshire as Class Representative for settlement purposes.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Defendant's Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice. Defendant's Counsel has also filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6.    The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The Third Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendant.

8.    Plaintiff, the Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(a)    "Released Parties" means Sony Music Entertainment, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or

4

investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers,

representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited

partners and partnerships, heirs, executors, trustees, personal representatives, estates,

administrators, trusts, predecessors, successors and assigns.

       (b)    "Released Plaintiff Claims" shall collectively mean any and all actions,

suits, claims, demands, rights, liabilities and causes of action, of every nature and description

whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other

type or in any other capacity, or concealed or hidden, that were asserted or that could have been

asserted (including without limitation claims for negligence, gross negligence, breach of

contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty,

or violations of any state or federal common law, statutes, rules, or regulations), including both

known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member

or any of them in the past had, now has, or might in the future have against the Released Parties

or any of them on the basis of, connected with, or in any way arising out of any allegation that

any past, present, or future Sales in the United States of permanent digital downloads or

ringtones of sound recordings owned by SME (including its unincorporated divisions and

business units) or its subsidiaries involves a lease or license of such sound recordings for

purposes of calculating royalties or other payments to any Class Member, or that SME otherwise

should calculate royalties on Sales in the United States of permanent digital downloads or

ringtones of recordings attributable to Class Contracts under royalty provisions other than those

that it currently applies to such Sales; provided, however, that the definition of Released Plaintiff

Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement.

Except as expressly provided in paragraph 16(b) of the Stipulation, nothing herein shall be

5

deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms.  The release of the "Released Plaintiff Claims" pursuant to this Settlement is without prejudice to any other rights or audit rights not involving those claims.

9.      Defendant and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim and shall forever be enjoined from prosecuting the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim.

(a)      "Released Defendant Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Defendant or any of the other Released Parties in the past had, now has, or might in the future have against the Plaintiff, any of the other Class Members, or their attorneys, arising from the institution, prosecution, or settlement of the Action; provided, however, that the definition of Released Defendant Claims shall not in any way impair or restrict anyone's rights to enforce the terms of the Settlement.

6

10.     Notwithstanding the provisions of ¶¶ 8 and 9 of this Order and Final Judgment, (i) in the event that any of the Released Parties asserts against Plaintiff, any other Class Member or Class Counsel, any claim that is a Released Defendant Claim, then Plaintiff, such Class Member or Class Counsel shall be entitled to use and assert such factual matters included within the Released Plaintiff Claims against such Released Party only in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party; and (ii) in the event that Plaintiff, any other Class Member or Class Counsel asserts against any Released Parties any Released Plaintiff Claims, such Released Parties or  their respective counsel shall be entitled to use and assert such factual matters included within the Released Defendant Claims against such claimant only in defense of such claim but not for the purposes of affirmatively asserting any claim against any such claimant.

11.     Neither this Order and Final Judgment, the Stipulation, including any exhibits, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Class as evidence of any infirmity in their claims;

(c)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendant or any Released Party may refer to it to effectuate the liability protection granted hereunder;

(d)      construed against Defendant or any Released Party or Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e)      construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaints and amended complaints filed in the Action would not have exceeded the Past Settlement Relief and Prospective Settlement Relief.

12.      The Plan of Allocation is approved as fair and reasonable, and Defendant's Counsel and Class Counsel are directed to administer the Stipulation in accordance with its terms and provisions.

13.     Class Counsel are hereby awarded attorneys ' fees and expenses in the amount of

$_____, which sum the Court finds to be fair and reasonable, to be

paid in accordance with the terms of the Stipulation.

14.     Plaintiff Elmo Shropshire is hereby awarded $_____ for Plaintiff's

service as a class representative, which sum the Court finds to be fair and reasonable, to be paid

in accordance with the terms of the Stipulation.

15.     In making this award of attorneys' fees and reimbursement of expenses, the Court

has considered and found that:

(a)     The Settlement provides Past Settlement Relief of $4,196,790 in cash and

credits and $164,580 in cash and provides Prospective Settlement Relief and numerous Class

Members who submit acceptable Claim Forms will benefit from the Settlement created by Class

Counsel;

(b)     The Notice to Class Members indicated that Class Counsel were moving

for attorneys' fees and expenses in the amount $1,453,790 and [_____] objections were

filed against the terms of the proposed Settlement or the ceiling on the fees and expenses

requested by Class Counsel contained in the Notice;

(c)     Class Counsel have conducted the litigation and achieved the Settlement

with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively

prosecuted over more than five years and, in the absence of a settlement, would involve further

lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendant;

(f)     Class Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g)     The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:        New York, New York
              _____, 2012


                                        _____
                                        Honorable George B. Daniels
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**List of Persons and Entities Requesting Exclusion from the Class in *Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF)**

The following persons and entities have properly requested exclusion from the Class in *Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF) and are not members of the Class bound by this Order and Judgment:

11