EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————x

"THE YOUNGBLOODS" (Perry Miller p/k/a    :   07 Civ. 2394 (GBD) (KNF)
Jesse Colin Young; Lowell Levinger; Jerry    :
Corbitt; Mina Bauer, the widow of Joe Bauer; and    :   ECF CASE
manager Stuart Kutchins), ON BEHALF OF    :
ITSELF AND ALL OTHERS SIMILARLY    :
SITUATED,    :
   :
                                Plaintiff,    :
   :
     vs.    :
   :
BMG MUSIC,    :
   :
                            Defendant.    :
   :
————————————————————————x

## STIPULATION AND AGREEMENT OF SETTLEMENT

The Youngbloods ("Plaintiff"), on behalf of itself and the Class (as defined below),

and defendant BMG Music ("Defendant" or "BMG," now known as Arista Music

("Arista")), by and through their attorneys, hereby stipulate to the dismissal of the claims

asserted by Plaintiff and the Class against Defendant, upon and subject to the terms and

conditions of this Stipulation and Agreement of Settlement (the "Stipulation") set forth

below, as of March 6, 2012 subject to the approval of the Court pursuant to Rule 23 of the

Federal Rules of Civil Procedure.


## RECITALS

WHEREAS, the above-captioned action (the "Action") was brought as a class action

on behalf of a class of persons who entered into recording or production agreements with

labels affiliated with, or subsidiaries of, BMG Music, now known as Arista Music, and

alleged breach of those recording agreements with respect to the calculation of royalties on

permanent digital downloads and ringtones; and

WHEREAS, on March 23, 2007, plaintiff The Youngbloods (Perry Miller p/k/a Jesse Colin Young; Lowell Levinger; Jerry Corbitt; Mina Bauer, the widow of Joe Bauer; and manager Stuart Kutchins) filed the initial putative class action complaint against Sony BMG Music Entertainment in the U.S. District Court for the Southern District of New York (the "Court") asserting causes of action for breach of contract, declaratory judgment and breach of covenant of good faith and fair dealing; and

WHEREAS on April 19, 2007, The Youngbloods filed a First Amended Complaint alleging the same causes of action against Arista; and

WHEREAS, on June 25, 2007, Arista moved to dismiss the Amended Complaint pursuant to FRCP 12(b)(6); and

WHEREAS, on March 31, 2008, the Court ordered that the fifth cause of action for breach of covenant of good faith and fair dealing be dismissed, otherwise denied Arista's motion and granted Plaintiff leave to file an amended complaint; and

WHEREAS, on April 11, 2008, Plaintiff brought a motion for a temporary restraining order restricting and proscribing Arista's contacts with putative class members; and

WHEREAS, on April 28, 2008, the Court denied Plaintiff's motion for a temporary restraining order restricting and proscribing Arista's contacts with putative class members; and

WHEREAS, on May 9, 2008, Plaintiff filed the Second Amended Complaint which asserted causes of action for breach of contract, declaratory judgment and otherwise clarified the pleadings; and

WHEREAS, on May 30, 2008, Arista moved to dismiss the Second Amended

Complaint pursuant to FRCP 12(b)(6); and

WHEREAS, on March 24, 2009, the Court denied Arista's motion to dismiss the Second Amended Complaint; and

WHEREAS, on April 20, 2009, Arista filed its answer to the Second Amended Complaint; and

WHEREAS, on May 4, 2009, the Court referred the case to Magistrate Judge Kevin Nathaniel Fox for general pretrial purposes; and

WHEREAS, on May 19, 2009, Magistrate Fox issued a pretrial order which *inter alia* bifurcated discovery such that merits discovery be completed before class certification discovery would commence; and

WHEREAS, on January 7, 2010, Magistrate Fox issued a pretrial order which, *inter alia*, extended the discovery and dispositive motion deadlines; and

WHEREAS, on March 12, 2010, May 19, 2010, and July 27, 2010 Magistrate Fox issued further pretrial orders which *inter alia* again extended the discovery and dispositive motion deadlines; and

WHEREAS, on May 6, 2010 and May 21, 2010, the parties attended mediation sessions in New York conducted by Eric Van Loon of JAMS and subsequently participated in mediation sessions by teleconference with Mr. Van Loon on numerous additional occasions; and

WHEREAS, on July 13, 2010 the parties attended a settlement conference conducted by Magistrate Fox; and

WHEREAS, on August 31, 2010, Arista filed a Motion to Stay the Proceedings and for Leave to Amend its Answer; and

WHEREAS, on September 23, 2010, Plaintiff filed a Motion for Partial Summary Judgment; and

WHEREAS, on November 10, 2010, Magistrate Fox denied Arista's Motion to Stay the Proceedings and granted leave for Arista to file an amended answer; and

WHEREAS, on November 19, 2010, Arista filed its amended answer to the amended complaint; and

WHEREAS, on November 23, 2010, Arista filed a Motion for Reconsideration; and

WHEREAS, on January 6, 2011, Magistrate Fox denied Arista's Motion for Reconsideration except to the extent the Motion was granted for the limited purpose of correcting any errors; and

WHEREAS, in early March 2011, the parties attended a mediation session in New York conducted by Eric Van Loon of JAMS; and

WHEREAS, on March 11, 2011 the parties submitted a letter to, and endorsed by, Magistrate Fox advising the court that the parties had reached a settlement in principle and requesting an order adjourning all deadlines; and

WHEREAS, the parties participated in mediation sessions by teleconference with Mr. Van Loon on numerous occasions between March and August, 2011; and

WHEREAS, on August 10 and 11, 2011, the Parties attended mediation sessions in New York conducted by Eric Van Loon of JAMS during which the parties agreed to a settlement term sheet; and

WHEREAS, Class Counsel (as defined below) have conducted a thorough investigation of the underlying events and transactions as alleged in the Third Amended Complaint, including a review of documents produced by Arista, interrogatory responses

provided by Arista, depositions, witness interviews, and confirmatory discovery provided by Arista pursuant to the settlement term sheet, and have researched the applicable law with respect to the claims alleged and the potential defenses thereto; and

WHEREAS, Arista denies, all allegations of wrongdoing, fault, or liability  or that it has acted improperly in any way; believes that the complaint and amended complaints in this Action lack merit; would have continued to resist vigorously Plaintiff's claims and contentions and would have continued to assert its defenses thereto had this Stipulation not been reached; and has entered into this Stipulation to put the Released Plaintiff Claims to rest finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way any fault, wrongdoing or liability whatsoever; and

WHEREAS, Plaintiff and Class Counsel believe that the breach of contract and declaratory judgment claims asserted in the Action are meritorious and that the evidence developed to date supports the claims asserted, but they have considered and weighed the issues involved in establishing the validity of their claims and have concluded that, in light of the uncertainty of the outcome as well as the substantial risks and inevitable delay in proceeding to trial, compared to the benefits being provided hereby, the terms and conditions set forth herein are fair and reasonable and should be submitted to the Court for approval.

**NOW THEREFORE,** without any admission or concession on the part of Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendant, **IT IS HEREBY STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties

hereto from the Settlement, that all Released Plaintiff Claims (as defined below) as against the Released Parties (as defined below) and all Released Defendant Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice and without costs, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following capitalized terms (not already defined above or as may be defined below) shall have the following meanings:

(a)      "Authorized Past Claimant" means a Class Member on behalf of whom a timely, valid Claim Form for Past Settlement Relief has been submitted.

(b)      "Authorized Future Claimant" means a Class Member (i) who is party to a Class Contract, at least 28,500 total downloads of recordings attributable to which Class Contract have been sold in the United States by BMG on Apple's iTunes Store from inception through December 31, 2010, and (ii) on behalf of whom a timely, valid Claim Form for Prospective Settlement Relief has been submitted in connection with such Class Contract.

(c)      "BMG" means defendant BMG Music, now known as Arista Music ("Arista").  Sony Music Entertainment ("SME") is the parent of Arista Music.

(d)      "Claim Form" means the form to be sent to potential Class Members substantially in the form attached hereto as Exhibit A-2.

(e)      "Class Members" means a person or entity that falls within the definition of the "Settlement Class."

(f)    "Class Counsel" means the law firms of Caplan & Ross, LLP, Law Offices of Thomas A. Cohen, and Milberg LLP.

(g)    "Class Contract" means a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period") that (i) was entered into with BMG Music (now known as Arista Music), including its unincorporated divisions and business units, United States subsidiaries as of July 2004, and any predecessor in interest to any of them; (ii) is currently held by Arista, including its unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that Arista will pay to such Class Member 50% of Arista's net receipts in respect of any Master Recording leased or licensed by Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision.

(h)    "Class Period" means the period beginning and including January 1, 1976 through and including December 31, 2001.

(i)    "Defendant's Counsel" means the law firm of Covington & Burling LLP.

(j)    "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 25 below.

(k)    "Judgment" means the proposed Order and Final Judgment substantially in the form attached hereto as <u>Exhibit B</u>.

(l)    "Notice" means the Notice of Pendency of Class Actions, Proposed Settlements of Class Actions, Motions for Attorneys' Fees and Expenses, and Settlement Hearings, which is to be sent to Class Members substantially in the form attached hereto as <u>Exhibit A-1</u>.

(m)    "Notice Order" means the order substantially in the form attached hereto as <u>Exhibit A</u>, to be entered by the Court, *inter alia*, preliminarily approving the terms and conditions of this Stipulation, directing that Notice be provided to the Settlement Class, and scheduling a hearing concerning final approval of the Settlement.

(n)    "Past Settlement Relief" means the agreement by Defendant to pay or credit royalties on past U.S. permanent digital downloads and ringtones to the royalty accounts of Authorized Past Claimants as described in paragraph 8(a) below.

(o)    "Prospective Settlement Relief" means the agreement by Defendant to calculate royalties on future U.S. permanent digital downloads and ringtones to the royalty accounts of Authorized Future Claimants as described in paragraph 8(b) below.

(p)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached hereto as <u>Exhibit A-3</u>.

(q)    "Released Defendant Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Defendant or any of the other Released Parties in the past had, now has, or might in the future have against the Plaintiff, any of the other Class Members, or their attorneys, arising from the institution, prosecution, or settlement of the Action as well as all claims arising out of the allegations in *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA);[1] provided, however, that the definition of Released Defendant Claims shall not in any way impair or restrict anyone's rights to enforce the terms of the Settlement.

(r)    "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and

---

[1] Arista Music, formerly BMG Music, filed a complaint on August 23, 2010 and an amended complaint on October 21, 2010 against individual members of the Youngbloods and their former manager. *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA).The amended complaint sought a declaratory judgment of rescission of the 1995 Settlement Agreement between the Youngbloods and RCA (predecessor in interest to BMG), indemnity and related damages. On or about November 22, 2010 pursuant to a stipulation between all parties, Arista dismissed the case without prejudice.

description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of any allegation that any past, present, or future Sales in the United States of permanent digital downloads or ringtones of sound recordings owned by Arista (including its unincorporated divisions and business units) or its subsidiaries involves a lease or license of such sound recordings for purposes of calculating royalties or other payments to any Class Member, or that Arista otherwise should calculate royalties on Sales in the United States of permanent digital downloads or ringtones of recordings attributable to Class Contracts under royalty provisions other than those that it currently applies to such Sales; provided, however, that the definition of Released Plaintiff Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement.  Except as expressly provided in paragraph 16(b) herein, nothing herein shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms.  The release of the "Released Plaintiff Claims" pursuant to this Settlement is without prejudice to any other rights or audit rights not involving those claims.

(s)    "Released Parties" means Defendant, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

(t)    "Request for Exclusion" means a written request to be excluded from the Settlement Class submitted by a member of the Settlement Class in such form, in such manner, and within the time limitation as set forth in the Notice.

(u)    "Sales" means any distribution in the United States of permanent digital downloads or ringtones, whether by sale, license, or otherwise, excluding, for the avoidance of doubt, uses of sound recordings attributable to Class Contracts in motion pictures, television, advertising, or other uses for which Arista currently accounts under such Class Contracts' Net Receipts Provisions.

(v)    "Settlement" means the settlement contemplated by this Stipulation.

(w)    "Settlement Class" means the settlement class set forth in paragraph 2 below.

(x)    "Settlement Hearing" means the final settlement hearing held to determine, among other things, the fairness, reasonableness, and adequacy of the Settlement.

11

(y)    "SME" means Sony Music Entertainment, the parent of Arista Music.

(z)    "Unknown Claims" means any and all Released Plaintiff Claims that the Plaintiff, the Settlement Class, or any of the Class Members do not know of or suspect to exist in their favor at the time of the release of the Released Parties and any and all Released Defendant Claims that Defendant or any of the other Released Parties do not know of or suspect to exist in their favor at the time of the release of Plaintiff and the Class Members, which, if known by them, might have affected their agreement to the Settlement.  With respect to Unknown Claims, Plaintiff and each Class Member and Defendant and Released Party shall be deemed to have, and by operation of the Judgment shall have, hereby expressly waive and relinquish, to the fullest extent permitted by law, the benefits of Section 1542 of the California Civil Code, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff and Defendant acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and a key element of the settlement of which this release is a part.

## SETTLEMENT CLASS

2.    Plaintiff shall request that the Court enter a certification order and certify for settlement purposes only the following Settlement Class:  All recording artists and producers who (a) are parties to a Class Contract and (b) did not provide Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from

January 1, 2004 through December 31, 2010.  Subject to paragraph 5 herein, Defendant shall not oppose such certification.

3.      Excluded from the Settlement Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant.

4.      Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely Request for Exclusion in accordance with the requirements set forth in the Notice, as defined herein.  As to each Class Contract, Requests for Exclusion shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

## OBLIGATIONS OF PARTIES IN FURTHERANCE OF SETTLEMENT

5.      As soon as practicable, Plaintiff shall move the Court for entry of the Notice Order.  Defendant agrees, solely for purposes of effectuating the Settlement, not to oppose certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendant does not waive and expressly reserves the right to contest class action treatment of Plaintiff's claims if the Effective Date fails to occur for any reason, including without limitation any possible termination of this Settlement.  If the Effective Date fails to occur for any reason, (i) the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement, (ii) any findings or stipulations regarding certification of the Settlement Class will be automatically vacated upon notice to the Court of this Stipulation's termination or disapproval and the Action may proceed as though no final certification of the Settlement Class had occurred, (iii) Plaintiff shall not raise or rely upon

any such findings, stipulations, or certification in connection with any subsequent request for class certification, and (iv) neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose.

6.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action with prejudice, including (a) any and all Released Plaintiff Claims as against all Released Parties and (b) any and all Released Defendant Claims as against the Plaintiff, any of the other Class Members, or their attorneys.

(a)    Upon the Effective Date, the Plaintiff, the Settlement Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished, and discharged the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(b)    Upon the Effective Date, Defendant and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished, and discharged the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim and shall forever be enjoined from prosecuting the Plaintiff, any

of the other Class Members, or their attorneys with respect to each and every Released

Defendant Claim.

(c)      In the event that, notwithstanding the provisions of paragraphs 6(a)

and (b) hereof, any of the Released Parties asserts against Plaintiff, any other Class Member

or Class Counsel, any claim that is a Released Defendant Claim, then Plaintiff, such Class

Member or Class Counsel shall be entitled to use and assert such factual matters included

within the Released Plaintiff Claims against such Released Party only in defense of such

claim but not for the purposes of affirmatively asserting any claim against any Released

Party.

(d)      In the event that, notwithstanding the provisions of paragraphs 6(a)

and (b) hereof, Plaintiff, any other Class Member or Class Counsel asserts against any

Released Parties any Released Plaintiff Claims, such Released Parties or  their respective

counsel shall be entitled to use and assert such factual matters included within the Released

Defendant Claims against such claimant only in defense of such claim but not for the

purposes of affirmatively asserting any claim against any such claimant.

7.      The parties to this Stipulation agree to the entry of Judgment, dismissing the

Action with prejudice and without costs, and providing for the releases above.

## SETTLEMENT CONSIDERATION

8.      Subject to the other provisions of this Agreement, and subject to Court

approval, Defendant agrees that it will cause the settlement consideration described below to

be paid or credited, as applicable, to the royalty accounts of Authorized Past Claimants and

Authorized Future Claimants as specified in the provisions of paragraph 16 hereof in exchange for the releases described in paragraph 6.

      (a)    <u>Past Settlement Relief</u>:  For past Sales in the United States of permanent digital downloads and ringtones:

        (1)    $3,453,210, less attorneys' fees and expenses as approved by the Court, to be paid or credited, as set forth in paragraph 16(a)(1), to the royalty accounts of Authorized Past Claimants with at least 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by Arista on Apple's iTunes Store from inception through December 31, 2010.

        (2)    $135,420 cash to be paid, as set forth in paragraph 16(a)(2), to Authorized Past Claimants with fewer than 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by Arista on Apple's iTunes Store from inception through December 31, 2010.

      (b)    <u>Prospective Settlement Relief</u>:  Arista shall calculate royalties on Sales in the United States of permanent digital downloads and ringtones under the royalty provisions that it currently applies to such Sales, but shall pay an "Additional Royalty," as set forth in paragraph 16(b)(1) below, in connection with the Sales of U.S. permanent digital downloads and ringtones as set forth in paragraphs 16(b)(1) and (2) below.

    9.    Defendant acknowledges and agrees that this Stipulation will not impact upon or affect in any way whatsoever the other audit rights contained in the Class Contract of any Class Member, except that no Class Member may audit Defendant with regard to any Released Plaintiff Claim.

## NOTICE TO CLASS MEMBERS

10.     Provided that that the Court has preliminarily approved the Settlement and entered the Notice Order no later than March 15, 2012, Arista will mail the Notice and the Claim Form to each royalty recipient with the royalty account statement issued to such royalty recipient for the period ended December 31, 2011, except that Arista will separately mail the Notice and the Claim Form no later than April 6, 2012 to those royalty recipients whose royalty account statements for such period were mailed prior to March 15, 2012.  In the event that the Court does not preliminary approve the Settlement and enter the Notice Order by March 15, 2012, Arista will mail the Notice and the Claim Form to each royalty recipient with the next royalty account statement issued to such royalty recipient following entry of the Notice Order by the Court, provided that such preliminary approval is received at least 15 days prior to mailing of the next royalty account statement.

11.     (a)     Potential Class Members may submit a Claim Form to Arista, substantially in the form attached hereto as Exhibit A-2, within the later of 90 days of the mailing of Notice or 45 days from such Class Members' receipt of contracts from Arista pursuant to a timely request for copies of such contracts as provided for in the Claim Form. Arista shall maintain a web site in connection with the Settlement, which will prominently display a link through which potential Class Members may submit such request for copies of contracts and may indicate whether they wish to be contacted by Class Counsel.  Arista will provide to Class Counsel the names and contact information of persons who indicate that they wish to be contacted by Class Counsel.

(b)    Class Members with at least 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by BMG (n/k/a Arista) on Apple's iTunes Store from inception through December 31, 2010 who fail to submit a Claim Form within the time specified in paragraph 11(a) above may submit a Claim Form solely for Prospective Settlement Relief within two years of the initial mailing of the Notice. Arista shall include a single-page, short-form notice of the deadline for submission of such Claim Forms with each of the three royalty account statements issued following the initial Notice.

12.    Arista, at its own expense, will cause the Publication Notice, substantially in the form attached hereto as <u>Exhibit A-3</u>, to appear in *Billboard* magazine approximately 30 days after the initial mailing of the Notice and Claim Form. The Publication Notice will be one-quarter page in size.

13.    Arista will bear its own notice and administration costs, including without limitation Arista's costs and expenses associated with identifying members of the Settlement Class and effecting mail Notice and Publication Notice to the Settlement Class, and the administration of the Settlement, including without limitation, the actual costs of printing and mailing the Notice and the Claim Form, publication of the Publication Notice, and any administrative expenses and fees incurred by Arista in connection with providing notice, responding to Class Member inquiries, and processing the submitted Claim Forms. Arista agrees that it will process the Claim Forms in a competent professional manner and will administer the Settlement subject to the jurisdiction of the Court. Arista agrees to review any forms of general correspondence with the Class Members concerning the Class Members' Claim Forms with Class Counsel prior to using such correspondence with Class Members generally.

## ATTORNEYS' FEES AND EXPENSES

14.     Class Counsel will apply to the Court for an award of attorneys' fees and expenses in an amount not to exceed $1,196,210. Notwithstanding anything contained herein to the contrary, in the event that the Court does not approve the award of attorneys' fees and expenses requested by Class Counsel, or the Court awards attorneys' fees and expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to terminate or void the Settlement or for rendering the entire Settlement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of attorneys' fees and costs. The amount awarded by the Court shall be payable by Arista to Class Counsel by delivery of check(s) or other negotiable instrument(s) or by wire transfer(s) within the later of ten (10) business days after the Effective Date or ten (10) business days after Class Counsel, following the Effective Date, provide Arista with instructions for payment(s). Any fees and expenses awarded by the Court will be deducted from the amount to be paid or credited to Class Member or royalty accounts under paragraph 8(a)(1) above.

15.     Plaintiff will apply to the Court for an award of $15,000 for Plaintiff's service as a class representative. The amount awarded by the Court shall be payable by Arista in cash and will not be deducted from any amounts to be paid (or credited) to Class Member royalty accounts under paragraphs 8(a)(1) or (2) above.

## DISTRIBUTIONS TO AUTHORIZED CLAIMANTS

16.     The Past Settlement Relief and/or Prospective Settlement Relief, as applicable, will be distributed to Class Members according to the following Plan of Allocation:

(a)     Past Settlement Relief

(1)     Each Authorized Past Claimant with at least 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by Arista on Apple's iTunes Store from inception through December 31, 2010 will receive a fraction of that portion of the settlement consideration provided for Past Settlement Relief in paragraph 8(a)(1) above that remains after Class Counsel's fees and expenses have been deducted, the numerator of which fraction shall be the total revenue from permanent digital downloads of recordings attributable to such Authorized Past Claimant from such Authorized Past Claimant's Class Contract(s) with respect to Sales in the United States through Apple's iTunes Store through December 31, 2010, less any such revenue attributable to any period before December 31, 2010 for which the Authorized Past Claimant has provided Arista with a release, and the denominator of which shall be the total revenue from permanent digital downloads of recordings attributable to all Authorized Past Claimants from all Authorized Past Claimants' Class Contracts with respect to Sales in the United States on Apple's iTunes Store through December 31, 2010, less any such revenue attributable to any period before December 31, 2010 for which any Authorized Past Claimant has provided Arista with a release.

(2)     Each Authorized Past Claimant with fewer than 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by

Arista on Apple's iTunes Store from inception through December 31, 2010 will, regardless of their royalty account balance, receive a cash payment equal to a fraction of the $135,420 settlement fund for Past Settlement Relief provided for in paragraph 8(a)(2) above, the numerator of which fraction shall be one (1) and the denominator of which shall be the total number of Authorized Past Claimants with fewer than 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by Arista on Apple's iTunes Store from inception through December 31, 2010.

      (b)      <u>Prospective Settlement Relief</u>

      (1)      The Class Contracts of Authorized Future Claimants shall be deemed to have been modified to provide that, commencing January 1, 2011, Arista shall calculate royalties on Sales in the United States of permanent digital downloads and ringtones of recordings attributable to such Class Contracts under the royalty provisions that it currently applies to such Sales, and shall add an additional royalty equal to 3% of the gross amount paid or credited to Arista with respect to each such U.S. permanent digital download or ringtone, with no deductions of any kind and no reserves held (the "Additional Royalty"). Notwithstanding anything contained herein to the contrary, such Authorized Future Claimants who submit Claim Forms within the period set forth in paragraph 12(b), but after the deadline set forth in paragraph 11(a) above, shall receive the Prospective Settlement Relief set forth in this paragraph 8(b) commencing only from the first royalty accounting period following such submission.

      (2)      The Class Contracts of Class Members with fewer than 28,500 total downloads of recordings attributable to Class Contracts and sold in the United States by Arista on Apple's iTunes Store from inception through December 31, 2010, but who (x) have

an aggregate total of at least $18,000 of royalty earnings attributable to Sales in the United States of any such recordings on Apple's iTunes Store within any two consecutive royalty accounting periods after January 1, 2011; and (y) thereafter notify Arista in writing of their right to such Additional Royalty within the period in which such Class Member, under the terms of the applicable Class Contract, may object to royalty accountings for the later of such two consecutive royalty accounting periods; shall be deemed to have been modified to provide that, commencing with the royalty period following such notice of right and continuing thereafter, Arista shall calculate royalties on Sales in the United States of permanent digital downloads and ringtones attributable to such Class Contracts under the royalty provisions that it currently applies to such Sales, and shall add an Additional Royalty.

17.    The Past Settlement Relief and/or Prospective Settlement Relief, as applicable, shall be distributed by Arista after the Effective Date.

(a)    The Past Settlement Relief shall be distributed to each Authorized Past Claimant by Arista with the next royalty account statement issued to such Authorized Past Claimant that is mailed at least 30 days after:  (i) all timely Claim Forms for Past Settlement Relief have been processed, and all claimants whose Claim Forms have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to object to such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims for Past Settlement Relief have been resolved to the satisfaction of the claimant or by the Court, and all appeals therefrom have been resolved or the time therefor has expired (or a reserve has been established, at Arista's sole discretion, for such claims in dispute); (iii) the Class Distribution Order (as defined in paragraph 19(g) below) has been entered, and (iv) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired.

(b)     The Prospective Settlement Relief shall be distributed to each Authorized Future Claimant by Arista with the next royalty account statement issued to such Authorized Future Claimant that is mailed at least 30 days after:  (i) all timely Claim Forms for Prospective Settlement Relief have been processed, and all claimants whose Claim Forms have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to object to such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims for Prospective Settlement Relief have been resolved to the satisfaction of the claimant or by the Court, and all appeals therefrom have been resolved or the time therefor has expired (or a reserve has been established, at Arista's sole discretion, for such claims in dispute); (iii) the Determination Order (as defined in paragraph 19(i) below) has been entered, and (iv) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired.

## ADMINISTRATION OF THE SETTLEMENT

18.     Any Class Member who is not determined to be an Authorized Past Claimant or an Authorized Future Claimant will not be entitled to receive any of the proceeds from the Settlement but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Plaintiff Claims.

19.     Arista shall process the Claim Forms and determine the extent, if any, to which a Class Member is an Authorized Past Claimant or an Authorized Future Claimant, according to the following conditions:

(a)    Each Class Member shall be required to submit a completed Claim Form, supported by such documents as are designated therein. As to each Class Contract, Claim Forms shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

(b)    All Claim Forms must be submitted by the applicable dates specified in paragraph 11 above for Past Settlement Relief and Prospective Settlement Relief, respectively. Unless, by order of the Court, a later-submitted Claim Form by such Class Member is approved, any Class Member who fails to submit a Claim Form by such dates shall be forever barred from receiving any payment or credit pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Plaintiff Claims. A Claim Form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by Arista.

(c)    Each Claim Form shall be submitted to and reviewed by Arista, which shall determine in accordance with this Stipulation and the Plan of Allocation contained herein and, based upon Arista's records, the extent, if any, to which the person on whose behalf it was submitted is an Authorized Past Claimant or an Authorized Future Claimant, subject to review by the Court pursuant to subparagraph (e) below. Claim Forms that do not meet the submission requirements may be rejected. Any Claim Form indicating on its face

24

that the person on whose behalf the Claim Form was submitted does not meet the definition of a Class Member shall be invalid, and such person shall not be an Authorized Past Claimant or an Authorized Future Claimant.  Notwithstanding the foregoing, a determination by Arista that a claimant is not an Authorized Past Claimant or an Authorized Future Claimant is subject to review as described in subparagraph (e) below.  Before Arista makes a final determination to reject any Claim Form, Class Counsel may request from Arista a copy of any Claim Form that  is proposed to be rejected and any correspondence related thereto. Class Counsel shall be entitled to advise Arista of its position(s) with regard to the proposed rejection of such Claim Form(s).

(d)     Arista shall notify, in a timely fashion and in writing, each claimant whose Claim Form it proposes to reject in whole or in part, with a copy to Class Counsel, setting forth the reasons therefor, and shall expressly state in such notice that the claimant whom Arista has determined is not an Authorized Past Claimant or an Authorized Future Claimant has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below.

(e)     If any claimant that Arista has determined is not an Authorized Past Claimant or an Authorized Future Claimant desires to contest such determination, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon Arista a notice and statement of reasons indicating the claimant's grounds for contesting the determination along with any supporting documentation, and requesting a review thereof.  Arista shall perform the requested review and will inform the claimant whether it has determined that the claimant is or is not an Authorized Past Claimant or an Authorized Future Claimant, as applicable.  If the grounds

stated by the claimant indicate, and the requested review confirms, that the claimant is a party to a contract dated before January 1, 1976 that otherwise meets the definition of a Class Contract, Arista shall treat such contract as a Class Contract.  If a dispute concerning a determination that a claimant is not an Authorized Past Claimant or an Authorized Future Claimant cannot otherwise be resolved, the claimant may thereafter file an objection to the proposed Class Distribution Order or Determination Order, as applicable, on notice to Arista and Class Counsel.  Claimants who are Class Members and are involved in such a dispute which is not resolved in their favor shall (i) be forever barred from receiving any payments for Past or Prospective Settlement Relief pursuant to this Stipulation set forth herein, but shall in all respects be subject to and bound by this Stipulation, including the releases provided for in this Stipulation, the Claim Form, and the Judgment; (ii) be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Released Plaintiff Claims; (iii) be conclusively deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties and Class Counsel from all claims, including without limitation, Released Plaintiff Claims or claims arising out of or in connection with the institution, prosecution, or assertion of the Action or the Released Plaintiff Claims; (iv) be conclusively deemed to have covenanted not to sue any Released Party and Class Counsel in any action or proceeding of any nature with respect to the Released Plaintiff Claims; and (v) forever be enjoined and barred from asserting the Released Plaintiff Claims against any Released Party and Class Counsel in any action or proceeding of any nature, whether or not such claimants have filed an objection to the Settlement, Class Distribution Order, Determination Order, or any application by Class Counsel for an award of attorneys' fees, expenses and costs, whether or not the claims of

such claimants have been approved or allowed, or such objection has been overruled by the Court. Claimants who are rejected because they do meet the definition of a Class Member and are involved in such a dispute which is not resolved in their favor shall be forever barred from receiving any payments for Past or Prospective Settlement Relief pursuant to this Stipulation set forth herein, but are in no other respects subject to or bound by this Stipulation because they are not Class Members and therefore are not subject to or bound by this Stipulation.

(f)    Within one hundred eighty (180) days after the deadline to submit Claim Forms in connection with the Past Settlement Relief, Arista shall provide to Class Counsel a proposed accounting, subject to audit by Class Counsel, of payments and credits to Authorized Past Claimants for the Past Settlement Relief. Arista shall also provide the identities of claimants it determined were not Authorized Past Claimants, as well as the reasons for each such determination. Arista shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from claimants, and shall make copies or originals available to Class Counsel within ten (10) business days upon request.

(g)    No sooner than sixty (60) days after Arista provides Class Counsel with the information referred to in subparagraph (f) above, unless Class Counsel consents to an earlier date after reviewing the information provided, Arista will apply to the Court, on notice to Class Counsel, for an order (the "Class Distribution Order") approving Arista's administrative determination of the Authorized Past Claimants hereunder. Arista shall not be liable for any costs incurred by any other party in connection with the Class Distribution Order or any other challenge to Arista's administrative determinations hereunder, and no penalty shall be assessed against Arista in the event that the Court modifies any

27

administrative determination made by Arista, whether for Past Settlement Relief or Prospective Settlement Relief.

(h)    Within one hundred eighty (180) days after the deadline to submit Claim Forms in connection with the Prospective Settlement Relief set forth in paragraph 11(b), Arista shall provide a spreadsheet to Class Counsel that contains sufficient information for the Parties to determine the identities of the Authorized Future Claimants.  Arista shall also provide like information regarding claimants it determined were not Authorized Future Claimants, as well as the reasons for each such determination.  Arista shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from claimants, and shall make copies or originals available to Class Counsel within ten (10) business days upon request.

(i)    No sooner than sixty (60) days after Arista provides Class Counsel with the information referred to in subparagraph (h) above, unless Class Counsel consents to an earlier date after reviewing the information provided, Arista will apply to the Court, on notice to Class Counsel, for an order (the "Determination Order") approving Arista's administrative determination of the Authorized Future Claimants hereunder.  Arista shall not be liable for any costs incurred by any other party in connection with the Determination Order or any other challenge to Arista's administrative determinations hereunder, and no penalty shall be assessed against Arista in the event that the Court modifies any administrative determination made by Arista.

20.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and

discovery ordered by the Court.  No discovery shall be allowed on the merits of the Action or

Settlement in connection with processing of the Claim Forms.

21.     All proceedings with respect to the administration, processing and

determination of claims described by paragraph 19 of this Stipulation and the determination

of all controversies relating thereto, including disputed questions of law and fact with respect

to the validity of claims, shall be subject to the jurisdiction of the Court.

## TERMS OF ORDER FOR NOTICE AND HEARING

22.     Concurrently with their filing of this Stipulation, Class Counsel shall apply to

the Court for preliminary Court approval of the Settlement and entry of the Notice Order,

substantially in the form attached hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

23.     If the Court approves the Settlement contemplated by this Stipulation, counsel

for the parties shall request that the Court enter the Judgment, substantially in the form

attached hereto as Exhibit B.

## OPT-OUT TERMINATION RIGHT

24.     Defendant may terminate the Settlement if, after receiving all of the Requests

for Exclusion, it determines that either the number of, or the total wholesale value of

permanent digital downloads and ringtones represented by, recording artists and producers

who would otherwise be members of the Settlement Class, but who have timely and validly

submitted Requests for Exclusion, equals or exceeds a number set forth in a separate

"Supplemental Agreement" signed by the parties (the "Opt-Out Threshold").  Requests for

Exclusion from recording artists and producers who would not otherwise meet the Settlement

Class definition do not count toward the Opt-Out Threshold.  The parties intend that the Supplemental Agreement shall be specifically disclosed to the Court and offered for in camera inspection by the Court at or prior to entry of the Notice Order, but, subject to the Court's approval, it shall not be filed with the Court before the deadline for submitting Requests for Exclusion unless a dispute arises as to its terms or the parties are ordered otherwise by the Court.  The parties shall seek to keep the Opt-Out Threshold confidential before the deadline for submitting Requests for Exclusion.  In the event that the Court directs that the Supplemental Agreement be filed prior to the deadline for submitting Requests for Exclusion, no party shall have any right to any relief by reason of such disclosure.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 6 shall apply.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER AND TERMINATION

25.    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    entry of the Notice Order in all material respects in the form appended hereto as Exhibit A;

(b)    approval by the Court of the Settlement, following notice to the Settlement Class and a hearing; and

(c)    entry by the Court of the Judgment, in all material respects in the form appended hereto as Exhibit B, and the expiration of any time for appeal or review of the Judgment, or, if any appeal is filed and not dismissed, after the Judgment is upheld on

appeal in all material respects and is no longer subject to review upon appeal or by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal.

26.    In addition to Defendant's rights under paragraph 24, Defendant or Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other party hereto within thirty days of (a) the Court's declining to enter the Notice Order or modifying the Notice Order in any material respect not sought or consented to by both Defendant and Class Counsel; (b) the Court's declining to approve the Settlement embodied in this Stipulation, or any material part of it; (c) the Court's declining to enter the Judgment or modification of the Judgment in any material respect; (d) the date upon which the Judgment is modified, reversed, or vacated in any material respect by the Court of Appeals or the Supreme Court; (e) the date upon which the Court enters an Alternative Judgment; or (f) the date upon which an Alternative Judgment is modified, reversed, or vacated in any material respect by the Court of Appeals or the Supreme Court.

27.    If Defendant fails to provide the amounts to be paid or credited to Authorized Past Claimants pursuant to paragraph 16(a) or in the event of the entry of a final order of a court of competent jurisdiction, in connection with a case commenced under the United States Bankruptcy Code, determining that such payments or credits by Arista are a preference, voidable transfer, fraudulent transfer or similar transaction and are required to be returned, then, unless such non-performance is cured within ten (10) business days of written

demand from Class Counsel, Class Counsel shall have the option to move the Court for appropriate relief including, by way of example and not limitation, specific performance, or to terminate the Settlement by providing a Termination Notice to Defendant's Counsel within thirty days of any failure of Defendant to provide the bargained-for consideration set forth in paragraph 16(a).

28.     Except as otherwise provided herein, in the event the Settlement is terminated or the Effective Date fails to occur, then the Settlement shall be without prejudice and none of its terms shall be effective or enforceable; the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of August 11, 2011; except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered; and any attorneys' fees and reimbursement of expenses paid by Arista to Class Counsel shall be returned to Arista.  In the event the Settlement is terminated or modified in any material respect, Defendant shall be deemed to have retained all rights to object to the maintenance of the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and shall further be deemed not to have waived, modified, or be estopped from asserting any additional defenses available to it.

## NO ADMISSION OF WRONGDOING

29.     Arista denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Action is not appropriate for class or collection action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision. Arista continues to assert that the Action fails to meet the prerequisites necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need

to determine individualized issues make the Action unmanageable consistent with due process. Arista further denies that the Action states a cause of action; that the practice as to which Plaintiff seeks relief violates any law or is wrongful in any way whatsoever; that Arista has breached any contract with Plaintiff or any member of the Class; and that either Plaintiff or any member of the Class is entitled to any relief whatsoever. Arista further agrees that notwithstanding its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, Arista will not oppose the District Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement.  Other than for purposes of this Settlement, Arista does not waive its objections to certification of the Settlement Class, or any other class, in this Action as a litigation class.

30.     Neither this Stipulation, including all exhibits, orders or other documents referred to herein, nor any terms or provisions of the Stipulation or any of the negotiations or proceedings related to this Stipulation, whether or not consummated, shall be:

(a)     offered or received against Defendant or any other Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Settlement Class as evidence of any infirmity in their claims;

(c)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendant or any Released Party may refer to it to effectuate the liability protection granted hereunder;

(d)      construed against Defendant or any Released Party or Plaintiff and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e)      construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaints and amended complaints filed in the Action would not have exceeded the Past Settlement Relief and Prospective Settlement Relief.

## MISCELLANEOUS PROVISIONS

31.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

32.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or that could be or could have been asserted by the Plaintiff, the Settlement Class, and/or any of the Class Members against the Released Parties with respect to the Released Plaintiff Claims.  Accordingly, Defendant agrees not to assert that the litigation was brought in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily by the parties after consultation with their respective experienced legal counsel.

33.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

34.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

35.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for award of attorneys' fees and expenses to Class

Counsel, authorizing distribution to Authorized Past and Future Claimants, and enforcing the terms of this Stipulation.

36.    If the Settlement is approved by the Court, after the Settlement Hearing on notice, Plaintiff shall move the Court for entry of the Judgment.

37.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

38.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

39.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the state of New York without regard to conflicts of laws, except to the extent that preemption by federal law requires that federal law govern.

40.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized by the parties that this Stipulation is the result of arm's length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

41.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. The

waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

42.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

43.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

44.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Class Counsel or Defendant's Counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member. Notwithstanding the foregoing, Defendant may report its payments pursuant to this Settlement in accordance with its ordinary practices with respect to payments made to its artists.