45.     The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

DATED: March 7, 2012

**CAPLAN & ROSS, LLP**

By: _____
    Brian D. Caplan
    bcaplan@caplanross.com
    Jonathan J. Ross
    jross@caplanross.com
270 Madison Avenue, 13th Floor
New York, New York 10016
Telephone: (212) 973-2376
Facsimile: (212) 661-4290

**Counsel for Plaintiff**


**MILBERG LLP**

By: _____
    Sanford P. Dumain
    sdumain@milberg.com
    Benjamin Y. Kaufman)
    bkaufman@milberg.com
    Gary S. Snitow
    gsnitow@milberg.com
One Penn Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Counsel for Plaintiff**

45. The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

DATED: _____, 2012

**CAPLAN & ROSS, LLP**

By: _____
    Brian D. Caplan
    bcaplan@caplanross.com
    Jonathan J. Ross
    jross@caplanross.com
270 Madison Avenue, 13th Floor
New York, New York 10016
Telephone: (212) 973-2376
Facsimile: (212) 661-4290

**Counsel for Plaintiff**


**MILBERG LLP**

By: _[signature]_____
    Sanford P. Dumain
    sdumain@milberg.com
    Benjamin Y. Kaufman)
    bkaufman@milberg.com
    Gary S. Snitow
    gsnitow@milberg.com
One Penn Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Counsel for Plaintiff**

LAW OFFICES OF THOMAS A. COHEN

By: _____
    Thomas A. Cohen
    tom@thomascohen.com
591 Redwood Highway, Suite 2320
Mill Valley, California 94941
Telephone: (415) 777-1997
Facsimile: (415) 777-1990

**Counsel for Plaintiff**


**COVINGTON & BURLING LLP**


By: _____
    Jonathan M. Sperling
    jsperling@cov.com
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

**Counsel for Defendant**

39

LAW OFFICES OF THOMAS A. COHEN

By: _____
    Thomas A. Cohen
    tom@thomascohen.com
591 Redwood Highway, Suite 2320
Mill Valley, California 94941
Telephone: (415) 777-1997
Facsimile: (415) 777-1990

**Counsel for Plaintiff**

COVINGTON & BURLING LLP

By: _____
    Jonathan M. Sperling
    jsperling@cov.com
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

**Counsel for Defendant**

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

"THE YOUNGBLOODS" (Perry Miller p/k/a Jesse Colin Young; Lowell Levinger; Jerry Corbitt; Mina Bauer, the widow of Joe Bauer; and manager Stuart Kutchins), ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,

: 07 Civ. 2394 (GBD) (KNF)

: ECF CASE

                                      Plaintiff,

vs.

BMG MUSIC,

                                      Defendant.

---------------------------------------------------------------x

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on March 7, 2012, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended Complaint with prejudice and without costs; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2012 that:

      1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, as being a fair, reasonable and adequate settlement as to all Class Members within

the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, extensive, arm's length negotiation by counsel. The Court directs the Parties to proceed with the Settlement pursuant to the terms and conditions of the Stipulation and exhibits thereto, subject to further consideration at the Settlement Hearing described below.

2.   Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all recording artists and producers who (a) are parties to a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period") that (i) was entered into with BMG Music (now known as Arista Music ("Arista")), including its unincorporated divisions and business units, United States subsidiaries as of July 2004, and any predecessor in interest to any of them; (ii) is currently held by Arista, including its unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that Arista will pay to such Class Member 50% of Arista's net receipts in respect of any Master Recording leased or licensed by Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision (a "Class Contract"); and (b) did not provide Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010. Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant.

2

3

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class it seeks to represent; (d) the Plaintiff and Plaintiff's Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff The Youngbloods is certified as Class Representative and the law firms of Caplan & Ross, LLP, Law Offices of Thomas A. Cohen, and Milberg LLP are certified as Class Counsel.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2012, at ___:_____ __.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Complaint filed herein, with prejudice and without costs;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. If the Court approves the Settlement, then following the Settlement Hearing, it shall enter the Order and Final Judgment, substantially in the form annexed to the Stipulation as Exhibit B, the terms of which are hereby incorporated by reference.

7. Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Stipulation, shall be considered as a factor in connection with any class certification issue(s) if the Stipulation terminates or the Settlement is not finally approved.

8. The Settlement Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing. The Court may consider (with the consent of both Plaintiff and Defendant) modifications of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff without further notice to the Class.

9. The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Second Amended Complaint with prejudice and without costs regardless of whether it has awarded attorneys' fees and expenses or a service award to Plaintiff.

10. The Court approves the form, substance and requirements of the Notice of Pendency of Class Actions, Proposed Settlements of Class Actions, Motions for Attorneys' Fees and Expenses, and Settlement Hearings (the "Notice") and the Claim Form, annexed hereto as Exhibits 1 and 2 respectively.

11. Provided that this Order has been entered on or before March 15, 2012, Arista shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed to each royalty recipient on or before April 6, 2012 as provided in the Stipulation.

12. Arista shall maintain a web site in connection with the Settlement, which will prominently display links through which potential Class Members may submit a request for copies of their contracts and may indicate whether they wish to be contacted by Class Counsel. Arista will provide to Class Counsel the names and contact information of persons who indicate that they wish to be contacted by Class Counsel.

13. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Arista shall cause the Publication Notice to appear in *Billboard* magazine, one-quarter page in size, within 30 days after the mailing of the Notice and Claim Form.

14. Defendant's Counsel shall, at least 60 days before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form, and proof of publication of the Publication Notice.

15. This civil action was commenced after February 18, 2005. The Court directs Defendant to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendant's Counsel shall, at or before the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

17. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons submit a Request for Exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____, 2012 to Arista, at the Post Office Box indicated in the Notice. Such Request for Exclusion shall clearly indicate the name, address and telephone number of the artist (individual or band), producer or company seeking exclusion, that the sender requests to be excluded from the Class in *Youngbloods v. BMG Music*, 07 Civ. 2394 (GBD) (KNF), and must be signed by such person. Such persons requesting exclusion are also asked (but not required) to

6

provide the date(s) of the Class Contract(s) or any of its amendments and the royalty account number(s) from their royalty statement(s). The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. As to each Class Contract, Requests for Exclusion shall be valid only if submitted on behalf of all Class Members who are parties to such Class Contract.

18. Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and their application for attorneys' fees and expenses and a service award for Plaintiff by no later than _____, 2012.

19. Any Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Order and Final Judgment should not be entered thereon; why the proposed plan of allocation should not be approved as fair, reasonable and adequate; or why Class Counsel should not be awarded attorneys' fees and expenses in the amount sought by Class Counsel or the Plaintiff should not be awarded a service award in the amount sought; <u>provided, however</u>, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed plan of allocation or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff, unless on or before _____, 2012, the Class Member has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of Class membership) upon Jonathan M. Sperling, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018-1405 on behalf of the Defendant and Brian Caplan, Caplan & Ross, LLP, 270

7

Madison Avenue, 13th Floor, New York, New York 10016 and Benjamin Y. Kaufman, Milberg LLP, One Penn Plaza, New York, New York 10119-0165 on behalf of the Plaintiff and the Class, and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses and a service award for Plaintiff are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.     Class Counsel shall submit their papers in response to any objections by no later than _____, 2012.

21.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Class Counsel's application for an award of attorneys' fees and expenses and a service award for Plaintiff in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the

8

adequacy of representation or the application by Class Counsel for an award of attorneys' fees and expenses and a service award for Plaintiff and from otherwise being heard concerning these subjects in this or any other proceeding.

22.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, or commence any action which asserts Released Plaintiff Claims against any Released Party.  Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by the Defendant or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of the Defendant or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

24.     In the event the Settlement is terminated or the Effective Date fails to occur, then, (i) the Stipulation, including any amendment(s) thereof, this Order conditionally certifying the

Class, the Class Representative and Class Counsel for purposes of the Settlement, and any findings or stipulations regarding certification of the Class shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity; (ii) the parties shall be deemed to have reverted to their respective status in the Action as of August 11, 2011; (iii) except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered; and (iv) any attorneys' fees and reimbursements of expenses paid by Arista to Class Counsel shall be returned to Arista.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:        New York, New York
              _____, 2012

                                            _____
                                            Honorable George B. Daniels
                                            UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# Notice of Pendency of Class Actions, Proposed Settlements of Class Actions, Motions for Attorneys' Fees and Expenses, and Settlement Hearings

To all persons entitled to royalty payments for permanent digital downloads and ringtones under contracts currently held by CBS Records or Sony Music Entertainment ("SME") or by Arista Music, formerly known as BMG Music ("Arista"):

This Notice summarizes Class Members' rights under the proposed settlements of two class action lawsuits as described below. You are eligible for payment if (1) you are a Class Member (See the section titled "Who is a Class Member?" below), (2) you do not exclude yourself, or "opt out" (See the section titled "Opt-Out of the Settlement Classes" below), and (3) you submit a valid Claim Form (See the section titled "Participate in the Settlements" below).

These actions challenged the calculation of royalty payments due to Class Members for sales of permanent digital downloads and ringtones of recordings under Class Contracts. The proposed settlements (1) make $7.95 million available to all Class Members in connection with sales in the U.S. of permanent digital downloads and ringtones through December 31, 2010 and (2) provide for an increase in the royalty rate for certain Class Members for such sales after January 1, 2011.

**THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY**

This Notice is provided to you by orders of the United States District Court, Southern District of New York. This summarizes the proposed settlements of two class-action lawsuits (*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF) (the "*SME Action*") and *Youngbloods v. BMG Music*, 07 Civ. 2394 (GBD) (KNF) (the "*BMG Action*")) asserting breach of contract claims relating to the calculation by SME and Arista of royalty payments due to Class Members for sales of permanent digital downloads and ringtones under Class Contracts. SME and Arista deny all allegations of wrongdoing and have asserted many defenses. The settlements are not an admission of wrongdoing.

## Who Is A Class Member?

You are a Class Member if you: (a) are a party to a "Class Contract" (as defined below) and (b) did not provide SME or Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010.

> "Class Contract" means a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period"), that (i) was entered into with CBS Records or SME or with BMG Music (now known as Arista), including their unincorporated divisions and business units, their United States subsidiaries as of July 2004, and any predecessor in interest to any of them; (ii) is currently held by SME or Arista, including their unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that SME or Arista will pay to such Class Member 50% of SME's or Arista's net receipts in respect of any Master Recording leased or licensed by SME or Arista to a

third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision.

For the Class in the *SME Action*, the Class Labels are those that were affiliated with or subsidiaries of CBS Records or Sony Music Entertainment as of July 2004, including but not limited to Columbia Records and Epic Records. For the Class in the *BMG Action*, the Class Labels are those that were affiliated with or subsidiaries of BMG Music as of July 2004, including but not limited to Arista Records, Jive Records, and RCA Records.

Only contracts with these Class Labels dated between January 1, 1976 and December 31, 2001 are covered by these settlements. If you have a contract dated before January 1, 1976 that otherwise meets the definition of a Class Contract it may be treated as a Class Contract.

Each person to whom this Notice is being sent should review his or her contract(s) and any amendments to determine whether he, she or it is a Class Member. **If you do not have your contract or any of its amendments, you may contact SME or Arista to request a copy.** Visit the settlement website at [*www._____.com*] for links to request for copies of your contract(s) and to indicate whether you wish to be contacted by Class Counsel.

## What Are The Terms Of The Proposed Settlements?

This Notice is only a summary of the proposed settlements. The complete terms of each proposed settlement are set forth in two formal Stipulations and Agreements of Settlement (together, the "Stipulations") which are on file with the Court for each case and are also available by visiting the settlement website at [*www._____.com*] or through Class Counsel.

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides, with the assistance of a mediator, agreed to these settlements. Settlement avoids the costs of a trial, and assures that settlement benefits go to Class Members. The Class Representatives and their attorneys think these settlements are in the best interests of the Classes.

The settlements are summarized below.

- The Settlement Funds for Sales Through December 31, 2010 (Past Settlement Relief)

  $7.65 million, less Plaintiffs' attorneys' fees and expenses as may be approved by the Court, is available for Class Members (1) who are parties to a Class Contract under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) who submit a valid Claim Form. These funds would be paid or credited, as applicable, *pro rata* to the royalty accounts of qualifying Class Members.

2

$300,000 cash, without any deduction of fees or expenses, is being made available to all Class Members, regardless of their royalty account balance, (1) who are parties to a Class Contract under which fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 and (2) who submit a valid Claim Form. The cash would be paid equally *per capita* among qualifying Class Members.

The proposed settlements allocate the $7.65 million and $300,000 Past Settlement Relief amounts between the *SME Action* and the *BMG Action* based on the relative proportion of sales by SME artists to sales by Arista artists in the U.S. on Apple's iTunes Store through December 31, 2010.

Based on this sales data, 54.86% is attributed to the settlement with SME ($4,196,790 of the $7.65 million fund and $164,580 of the $300,000 fund) and 45.14% is attributed to the settlement with Arista ($3,453,210 of the $7.65 million fund and $135,420 of the $300,000 fund).

- Additional Royalty for Sales after December 31, 2010 (Prospective Settlement Relief)

    SME and Arista have agreed to modify the Class Contracts of Class Members who submit a valid Claim Form and who qualify for Prospective Settlement Relief to provide that SME and Arista will calculate royalties on Sales[1] in the United States of permanent digital downloads and ringtones of recordings attributable to Class Contracts under the royalty provisions that it currently applies to such Sales, and shall add an additional royalty equal to 3% of the gross amount paid or credited to SME or Arista with respect to each such U.S. permanent digital download or ringtone, with no deductions of any kind and no reserves held (the "Additional Royalty").

    The Additional Royalty is available to Class Members who are party to a Class Contract under which:

    (i) at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010 (such Additional Royalty to be applied to all Sales after January 1, 2011); or

    (ii) fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store from inception through December 31, 2010, but who (x) have at least $18,000 of royalty earnings attributable

---

[1] For purposes of these settlements, "Sales" means any distribution in the United States of permanent digital downloads or ringtones, whether by sale, license, or otherwise, excluding, for the avoidance of doubt, uses of sound recordings attributable to Class Contracts in motion pictures, television, advertising, or other uses for which SME or Arista currently accounts under such Class Contracts' Net Receipts Provisions.

3

to Sales in the United States of any such recordings on Apple's iTunes Store within any two consecutive royalty accounting periods after January 1, 2011; and (y) thereafter notify SME or Arista in writing of their right to such Additional Royalty within the period in which such Class Member, under the terms of the applicable Class Contract, may object to royalty accountings for the later of such two consecutive royalty accounting periods (provided that SME and Arista shall owe such Additional Royalty only commencing with the royalty period following such assertion of right).

- Class Counsel Fee and Expense Requests

In the *SME Action*, the Court preliminarily ordered that the law firms of Caplan & Ross, LLP and Milberg LLP in New York, NY and Probstein, Weiner & Butler in Culver City, CA will represent the Class.

In the *BMG Action*, the Court preliminarily ordered that the law firms of Caplan & Ross, LLP and Milberg LLP in New York, NY and Law Offices of Thomas A. Cohen in Mill Valley, CA will represent the Class.

These lawyers are called Class Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel are moving the Court to award them attorneys' fees and expenses in the amounts of $1,453,790 in the *SME Action* and $1,196,210 in the *BMG Action*.

The Court will determine what amount of attorneys' fees and expenses shall be payable to Class Counsel. The amounts awarded by the Court will be payable solely from the Past Settlement Relief available to Class Members who are parties to Class Contracts under which at least 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store as of December 31, 2010. The fees and expenses will not be sought from the Past Settlement Relief available to Class Members who are parties to Class Contracts under which fewer than 28,500 total downloads of recordings were sold in the United States on Apple's iTunes Store as of December 31, 2010.

Class Counsel are also moving the Court to award $15,000 to Elmo Shropshire and $15,000 to The Youngbloods for their services as Class Representatives.

The amounts awarded by the Court to the Class Representatives will be paid by SME and Arista in cash and will not be deducted from any of the available Past Settlement Relief.

The Court will determine the appropriate amount of these awards. The settlements are <u>not</u> conditioned upon approval of any of the attorneys' fees and expenses or Class Representative award amounts.

4